The opinion of the court was delivered by
Brewer, J.:
The single question in this case is, whether a party to an action can compel a witness, residing in the county where the action is pending, to give his deposition prior to the trial? or must he, if he desires his testimony, compel his personal attendance at the trial by subpoena and attachment? That the witness whose testimony is sought is the adverse party, does not affect the question, for by § 321 of the civil code either party can compel the adverse party “at the trial, or by deposition, to testify as a witness, in the same manner, and subject to the same rules, as other witnesses.” By § 346 of the code the deposition of a witness may be used when the witness is absent from the county at the time of trial, or when from age, infirmity, or imprisonment, the witness is unable to attend court, or is dead. Giving the right to use a deposition under the contingencies named, gives the right to prepare for those contingencies. It cannot of course have been contemplated that the contingency must exist before the deposition can be taken; for in one of the cases at least the happening of the contingency would destroy the power to obtain the testimony. If the deposition of a witness can be used in case of his death, the party must have a right to take that deposition beforehand. So of the other contingencies named in the statute. Now the giving of testimony, whether on the trial or by deposition, is not a privilege of *453 the witness, but a right of the party. He need not solicit; he can- compel. It seems to us therefore that under our statutes a witness may be compelled to give his deposition, although he reside in the county where the action is pending. It is said this power is liable to abuse, and that a witness may be compelled to give repeated depositions, and still be present at the trial. Courts will see that this power is not abused, or the time of a witness unnecessarily taken. It is also said, that large amounts of costs will be accumulated. This will not injure the adverse party, for a party taking depositions which he does not use, must himself pay their cost. It is also said that this permits one to go on a “fishing expedition” to ascertain his adversary’s testimony. This is an equal right of both parties, and justice will not be apt to suffer if each party knows fully beforehand his adversary’s testimony.
The petition for the writ of habeas corpus will be denied, and the petitioner remanded to the custody of the sheriff.
All the Justices concurring.