## PERU R. RUCKER v. ALEXANDER H. REID.

1. DEPOSITION — *Evidence for Opposite Party.* The deposition taken at the instance of a party to an action, and not used by him, may be read in evidence by the opposite party against the objection of the party at whose instance it was taken.

2. ——— *Error.* The exclusion of competent and material testimony is error.

### *Error from Elk District Court.*

JUDGMENT at the May Term, 1885, for plaintiff *Reid* against defendant *Rucker*, who brings the case here. The opinion states the material facts.

*Hudson & Reed, James McHenry,* and *J. M. White,* for plaintiff in error.

*Brush & Carr,* and *Nichols & Jackson,* for defendant in error.

Opinion by HOLT, C.: Defendant in error, plaintiff below, brought his action against plaintiff in error, defendant below, to recover the sum of $600. Plaintiff Reid lived in Missouri, and defendant Rucker in Elk county, Kansas. In 1884, Reid and John B. Rucker, brother of defendant, came to Elk county to look at land, with a view of purchasing, and Reid and John B. Rucker both had some talk about buying a certain tract of land near the home of the defendant. They both returned to Missouri without purchasing, and defendant went to St. Joseph, where the owner of the land resided, and he bought it, paying therefor $1,000. The consideration named in the deed was $1,600. He afterward sold it to plaintiff. So far both parties agree substantially as to the facts.

Further, plaintiff claims that when he was upon his visit to Elk county, he entered into an agreement with the defendant, whereby the defendant was to buy this land for him of the owner at St. Joseph; that he gave him authority to pur-

chase the same for not more than $1,600; and that defendant proceeded to St. Joseph, Mo., and bought this land as his agent. He states further, that long afterward he paid defendant $100 for expenses of his trip and his services in buying the land, and also paid him $1,600 for the land, the amount that he, defendant, said he was compelled to pay the owner in St. Joseph for the same. Defendant alleges that there was no contract of agency made between himself and plaintiff, but that he went to St. Joseph to buy the land for himself, and not as an agent of plaintiff; that he paid therefor the sum of $1,000, and afterward sold the same as his own land to the plaintiff for the sum of $1,700. The deed to the land was given to the defendant by the owner, at St. Joseph.

On the hearing of the case the defendant offered to read the deposition of John B. Rucker, his brother, which had been duly taken by the plaintiff, and the court refused to allow said deposition to be read. Judgment for plaintiff for $600; motion for a new trial overruled; judgment upon the verdict; defendant seeks a reversal in this court.

The first question that presents itself, is the exclusion of the deposition of John B. Rucker. It was taken by the plaintiff; was not read by him in the opening of his case; the defendant, in the introduction of the testimony in his behalf, offered this deposition in evidence; plaintiff objected to the reading of the same, because it was the evidence of plaintiff taken for the purpose of rebuttal; it was not read by plaintiff. If the testimony sought to be introduced by the deposition was material, we believe it ought to have been admitted and read in evidence. Sec. 357, ch. 80, Comp. Laws of 1879, reads as follows:

"When a deposition has been once taken, it may be read in any stage of the same action or proceeding, or in any other action or proceeding upon the same matter between the same parties, subject, however, to all such exceptions as may be taken thereto under the provisions of this article."

We believe that this statute authorizes the reading of a deposition taken at the instance of a party to an action and

**1. Deposition as evidence for opposite party.** not used by him, to be read in evidence by the opposite party against the objection of the party at whose instance it was taken. When it is once filed it becomes the property of the court, and if it is competent and material testimony it should be used in the presentation of the facts in the case. Some courts go as far as to say, under a statute no stronger than ours, that it is as competent for one party to read in his own behalf a deposition regularly taken and filed by the other party as it would be to introduce a witness summoned on behalf of the other party. Whether that is the correct rule, it is not necessary to decide in this case. We believe our statute has prescribed the rule that should govern. (See also § 356, ch. 80, Comp. Laws of 1879.)

Plaintiff contends now that the testimony in the deposition is immaterial. If such claim is true, then the error in excluding the deposition of Rucker could not have prejudiced the defendant. The question to be tried in this **2. Exclusion of competent and material evidence, error.** case is whether the defendant, Rucker, was the agent of Reid at the time he purchased this land of the owner in St. Joseph. Plaintiff contends that he was — defendant denies; and the testimony of each is positive and explicit, each to sustain his own theory of the case. The agreement that the plaintiff claims was made with the defendant was not in writing and was not before witnesses. Under such circumstances any statement amounting to an admission would be material evidence against the party making such statement, and important in deciding whether the relation of principal and agent was established between Reid and defendant Rucker.

There was testimony introduced of the admissions of Rucker that he was the agent of Reid. The deposition of John B. Rucker shows that Reid, after the time that he said he had employed Rucker, the defendant, as his agent, said that he intended to buy the land in question if John B. Rucker did not want it. Such admission of Reid was in the conversation between John B. Rucker and himself, in Missouri, and Reid himself testified to that conversation. It was a version of

the conversation, however, different from the one given in the deposition of Rucker. It also appeared in the deposition of John B. Rucker that Rucker, the defendant, and a son of Reid, had a conversation at Elk Falls, at the time that Reid first came to Kansas to look after land, in which young Reid testified to certain admissions made by defendant Rucker to him. In his deposition, John B. Rucker says that he was present at the time that such conversation between defendant Rucker and young Reid took place, and heard all of it, and that he did not recollect of hearing anything whatever of the matter concerning which young Reid testified.

There is objection made that the questions asked in the deposition of Reid, being the cross-examination of John B. Rucker by defendant, were not admissible because they were leading. No such objection was made in the lower court. It will not be considered here.

There are other errors complained of, but none of them require attention. For the error of refusing to allow the deposition of Rucker to be read in evidence, we recommend that this case be reversed.

By the Court: It is so ordered.

All the Justices concurring.