N. FRANKHOUSER, *as Sheriff of Osage County*, v. J. J. NEALLY.

1. DEPOSITION, *Erroneously in Evidence.* It is error for a trial court to permit the deposition of a witness to be introduced in evidence, when the deposition itself shows that the witness is a resident of the county, against sufficient objection thereto, unless it is first shown to the court that the witness's oral testimony cannot be procured upon the trial.

2. APPEAL FROM JUSTICE —*Diminution of Damages—Evidence.* Where an action is brought before a justice of the peace to recover upon an account for the value of corn taken possession of by a sheriff under a levy, as the property of another, and no answer is filed by the defendant, and no bill of particulars, as a set-off, is demanded by the plaintiff, and subsequently, upon appeal, the trial is had without any new pleadings, or any demand therefor, the defendant may show, to lessen the recovery against him, that, after the levy, other persons, with the plaintiff's consent, moved a part of the corn and used

or sold it ; that the plaintiff received pay from parties whose cattle had injured the corn, and had used or sold a part of it for his own benefit.

3. ———— *Erroneous Instruction.* It is error for a trial court to instruct a jury that the parties have agreed upon the questions to be submitted to them for their decision, when no such agreement has been made or assented to, either oral or written.

*Error from Osage District Court.*

THIS was an action commenced before a justice of the peace of Osage county on February 15, 1890, by J. J. Neally, against N. Frankhouser, who was then sheriff of Osage county, by filing a bill of particulars (omitting title and caption) as follows:

"The plaintiff alleges that the defendant is indebted to the plaintiff in the sum of $200 upon account, to wit: That on about the 1st day of January, 1890, N. Frankhouser, by his deputy, C. Manrose, as sheriff of Osage county, by virtue of a pretended writ of execution against the property of W. L. Neally, W. Z. Neally, and Geo. W. Neally, levied upon and took possession of 1,200 bushels of corn, the property of this plaintiff, located upon the north half of section 36, township 18, range 15, in said county; that the defendant converted the property to his own use; that defendant was duly notified that the corn was the property of this plaintiff, and, although forbidden by plaintiff to sell the same, defendant refused to release the same from levy, but sold the same on the 11th day of February, 1890; that the corn was wholly and absolutely the property of plaintiff; that there is due said plaintiff, on the account from the defendant, $200, which he claims, with interest at the rate of 6 per cent. per annum from the 1st day of January, 1890.                    J. J. NEALLY.

"ISAAC FARLEY, *Plaintiff's Attorney.*"

No other pleading was ever filed or demanded.    After a trial before a justice of the peace, the defendant appealed the case to the district court, where it was tried before the court, with a jury, at the June term, 1890, and resulted in a judgment for $172.64, with costs, against defendant below, from which he appeals to this court.

*Pleasant & Pleasant,* for plaintiff in error.

*Isaac Farley,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial, plaintiff below offered the deposition of George W. Neally. This was permitted to be read in evidence, over the objection of defendant below. The deposition showed that the witness was a resident of Osage county. There was no showing made that the witness could not be produced upon the trial. The court, therefore, committed error in permitting the deposition to be read in evidence. (*C. K. & N. Rly. Co. v. Brown,* 44 Kas. 384.)

"1. Where a person takes and sells the property of another, the owner may elect to waive the tort and sue upon the implied contract for the value of the same; and whether he has so elected, and the nature of the action brought, are to be determined by the court from the pleadings.

"2. In such a case, where the facts alleged indicate a waiver of the tort, and are sufficient to constitute a cause of action on contract, it should be so regarded, although some words of the pleadings are adapted to an allegation in an action *ex delicto.*" (*Smith v. McCarthy,* 39 Kas. 308.)

As this action was commenced before a justice of the peace upon an implied contract for the value of the corn, and as no answer was filed, or any bill of particulars as a set-off was demanded, and as the pleadings were not amended in the district court, the trial court committed material error in not permitting defendant below to lessen the recovery against him, to show that after the levy on the corn in dispute other persons, with plaintiff's consent, moved a part of the corn and used or sold it; that plaintiff received pay from parties whose cattle had injured the corn, and used or sold a part of it for his own benefit. The court instructed the jury that the parties had agreed that the only question to be submitted to them for their decision was the amount and value of the corn levied on. The record does not show any agreement to that effect, either oral or written, and error was committed in the

instruction. The judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.