## APPLE v. AMERICAN NATIONAL BANK.

No. 14565—Opinion Filed Jan. 22, 1924.

Rehearing Denied, Nov. 12, 1924.

**1. Appeal and Error—Decisions Appealable —Necessity for Judgment.**

A mere recital in the record to the effect that "demurrer was overruled," or "sustained," is nothing more than a memorandum, wholly wanting in the essential elements of a judgment, and therefore insufficient to support an assignment of error.

**2. Creditors' Suit—Fraudulent Conveyances by One Sued.**

If a transfer is made by a debtor in anticipation of a suit against him, or after a suit has been begun, and while it is pending against him, this is a badge of fraud, and especially if it leaves the debtor without any estate or greatly reduces his property.

**3. Appeal and Error — Review of Equity Case—General Finding.**

In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court. Carter County; W. F. Freeman, Judge.

Action by the American National Bank of Ardmore against R. A. Peterson and others. From a judgment in favor of the plaintiff, the defendant Bryon W. Apple brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Dolman & Dyer, for defendant in error.

Opinion by PINKHAM, C. This action was originally commenced by the defendant in error, as plaintiff, in the district court of Carter county, against R. A. Peterson and T. C. Bridgman, upon two promisory notes, one in the sum of $12,000, and one in the sum of $460.

Service was had upon the defendants January 13, 1923, and on January 18, motion to quash was filed, and overruled by the court on March 21, 1923, and defendants given 30 days within which to answer.

January 29, 1923, the defendant, T. C. Bridgman conveyed the property described in plaintiff's supplemental petition to his step-daughter, and on February 23, 1923, the property covered by these deeds was attach-

ed by the plaintiff as the property of T. C. Bridgman. On March 8, 1923, the plaintiff filed a supplemental petition in which it is alleged that the warranty deeds executed by the defendant T. C. Bridgman on the 29th day of January, 1923, to Bryon W. Apple, his daughter, plaintiff in error, were wholly without consideration and that the property described therein was fraudulently conveyed to the said Bryon W. Apple to defraud the creditors of the said Bridgman, and particularly the plaintiff herein, and that said Bridgman was wholly insolvent, and that a judgment at law cannot be collected from him.

Plaintiff prayed that the said Bryon W. Apple be made a defendant, and that the deeds given by T. C. Bridgman to said Bryon W. Apple, be cancelled of record as clouds upon the title of said property, and that the property be decreed the property of the defendant T. C. Bridgman, subject to the attachment lien of the plaintiff.

A demurrer was filed to the supplemental petition, but the action of the court thereon is not preserved in the record. Plaintiff in error filed her answer in said cause, in which she prays that the plaintiff's supplemental petition be denied, and that she be adjudged to be owner of the property described in said petition; that the attachment be dissolved, and that she have such other and further relief as she may in the judgment of the court be entitled.

The plaintiff filed a reply to the answer in the nature of a general denial.

Upon the case coming on for trial the defendants R. A. Peterson and T. C. Bridgman withdrew their demurrer filed in the cause, and confessed judgment on the notes, and the court proceeded to try the issues joined between the plaintiff and the defendant Bryon W. Apple.

After both parties rested their case, the court found the issues in favor of the plaintiff and against the defendants Bryon W. Apple and T. C. Bridgman, and judgment was rendered that the said deeds covering the property described in the supplemental petition be decreed to be null and void, and the further judgment and decree that the attachment lien of plaintiff on the interest of defendant T. C. Bridgman, in and to said property be foreclosed, and said property be ordered sold, and the proceeds thereof be applied as by law required.

To all of the finding of the court, and the judgment so rendered, defendants and each of them excepted.

The assignments of errors are as follows:

First, that the court erred in overruling the demurrer to the supplemental petition; second, that the court erred in overruling the motion for a judgment; third, that the court erred in rendering a judgment for the plaintiff.

Under the defendant's first assignment of error it is contended that the supplemental petition was in the nature of a creditors' bill, and that it is necessary to obtain a judgment before the plaintiff can maintain the action.

As to the first assignment of error it appears that the record does not contain nor purport to contain any copy of an order overruling the demurrer to plaintiff's supplemental petition, or that any such order was ever entered on the journal of the court. It is true the record shows a mere recital that such an order was made.

It has been held by this court in a number of decisions that a mere recital in the record to the effect that an order was made is not a sufficient compliance with the statute. Section 685, Comp. Stat. 1921, provides:

"All judgments and orders must be entered on the journal of the court and specify clearly the relief granted, or order made in the action."

In the case of Courtney v. Moore, 51 Okla. 632, 151 Pac. 1178, it is said in the opinion:

"In Randell v. Wadsworth, 130 Ala. 633, 31 So. 555, a question very nearly identical with that under consideration was presented. In that case it is said: 'It has been repeatedly decided by this court that a mere recital in the record to the effect that "demurrer was overruled" or "sustained," is nothing more than a memorandum, wholly wanting in the essential elements of a judgment, and therefore insufficient to support an assignment of error'."

In Negin et al. v. Pitcher Lumber Company et al., 77 Okla. 285, 186 Pac. 205, the first paragraph of the syllabus is as follows:

"Where the record fails to contain a copy of the final order or judgment sought to be reviewed and the same is not made to appear therein as of record in the trial court, such record presents no question to this court for determination, and no request by plaintiff in error for leave to amend the record to show that such judgment was rendered by the trial court and entered of record there, having been made, the appeal will be dismissed."

The record discloses that the defendant T. C. Bridgman sold and conveyed the property described in plaintiff's supplemental petition on January 29, 1923, while the action upon the said notes was pending against him; that the property conveyed by the deeds was at-

tached by the plaintiff on February 23, 1923, and the supplemental petition of plaintiff was filed March 8, 1923. The plaintiff therefore had a lien on the property involved at the time of the filing of the supplemental petition, and it further appears that prior to the hearing between the plaintiff and the defendant Bryon W. Apple, the court rendered a judgment on the principal debt. Furthermore, it is apparent from an examination of the record that at no time did the defendants Peterson and Bridgman deny liability upon the notes sued upon.

Section 6017, Comp. Stat. 1921, provides:

"A creditor, within the meaning of this chapter, is one in whose favor an obligation exists, by reason of which he is, or may become entitled to the payment of money."

In the case of Scott v. Neely, 140 U. S. 106-113, 35 L. Ed. 361, it is said:

"In all cases where a court of equity interferes to aid the enforcement of a remedy at law, there must be an acknowledged debt, or one established by judgment rendered, accompanied by a right to the appropriation of the property of the debtor for its payment, or to speak with greater accuracy, there must be in addition to such acknowledged or established debt, an interest in the property, or a lien thereon created by contract or by some distinct legal proceeding."

We think the plaintiff in error was a proper party to the action, and that upon filing her answer asking for affirmative relief from the trial court she submitted herself to its jurisdiction, and that the supplemental petition in this case in the nature of a creditors' bill may be maintained prior to the securing of a judgment when the indebtedness is not denied.

The other assignments of error are discussed together in the brief of defendant.

The argument is that the proof showed that Mrs. Bridgman owned the first lot mentioned in the suit and that the defendant Bryon W. Apple furnished the money to put the building on it, with the understanding that it should become the property of Bryon W. Apple at Mrs. Bridgman's death, and that therefore the defendant T. C. Bridgman was under a moral obligation to carry out his wife's agreement.

Counsel for defendant in their brief concede that a parol agreement to convey real estate cannot be enforced but contend that where a person carries out a moral obligation and conveys property to comply with this obligation that this cannot be attacked by the creditors. A number of cases are cited to support this contention. These cases have been examined and we are of the opinion that they do not apply to the admitted facts in the instant case.

In this case, no trust in the property involved was pleaded nor relied upon. The undisputed evidence is that at all times during her life, the property in question was absolutely that of Mrs. Bridgman.

The record discloses that the said lot four, block 375, was purchased by Mrs. Bridgman, and a deed therefor given to her in 1892. The property was occupied by Mrs. Bridgman and T. C. Bridgman, her husband, for some considerable time, until 1917, when a two-story brick building was erected thereon. Since that time Mrs. Bridgman, through the defendant T. C. Bridgman, was in the actual occupancy of the building, collected the rents and used them up to the time of the trial. After the death of his wife, T. C. Bridgman remained in possession until about a month prior to the trial; that was until April 1, 1923, although he had deeded this property to his step-daughter some two months prior to that time.

There was no evidence introduced to show that the defendant Bryon W. Apple had ever received any rent from this building, even after the deeds to her were placed of record. Mr. Bridgman testified that no consideration was received by him for the deeds from himself to the defendant, Bryon W. Apple, although the consideration expressed in one deed was $10,000, and in the other $5,000. Bryon W. Apple did not testify in the case.

It is clear from an examination of the record that on January 29, 1923, while the action on the said notes was pending, the defendant Bridgman transferred practically all of the property which he had, without consideration, to his step-daughter, Bryon W. Apple. When the case thereafter, on April 25, 1923, came on for trial, the defendants R. A. Peterson and T. C. Bridgman agreed that judgment on plaintiff's petition should be rendered as prayed for.

"If a transfer is made by a debtor in anticipation of a suit against him, or after a suit has been begun, and while it is pending against him, this is a badge of fraud and especially if it leaves the debtor without any estate or greatly reduces his property." (27 C. J. 488.)

In answer to questions as to what property he owned, Mr. Bridgman testified "I haven't anything much, just an old car and a lot in the southeast part of town."

The testimony further disclosed that the lot referred to stood in the name of a third person.

The finding of the trial court in favor of the plaintiff involved a finding that the conveyance of the property in controversy was fraudulent, and the important question presented by this appeal is whether there is any evidence reasonably tending to support the judgment.

It is a well settled rule that the findings of fact by the trial court, if reasonably supported by the evidence, are binding upon this court, and it is only when the evidence and all inferences that can justifiably be drawn thereon, are insufficient to support the judgment that the judgment of the trial court will be reversed.

"In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding." Johnston v. Johnson et al., 82 Okla. 259. 200 Pac. 204.

We conclude after a careful examination of the record that the evidence amply supports the judgment of the trial court. We think the judgment should be affirmed.

By the Court: It is so ordered.