Bowen v. Bowen.

No. 26,462.

ETHEL F. BOWEN, *Appellee*, v. BERT T. BOWEN, *Appellant*.

SYLLABUS BY THE COURT.

1. DEPOSITIONS—*Use of as Evidence—Absence of Witness.* A material witness, although a resident of the county in which an action was pending, was absent at the time of trial and could not be served with subpœna. His deposition had been previously taken upon due notice and with full opportunity for cross-examination. *Held*, it was error not to admit the deposition in evidence.

2. DEEDS—*Construction—Construing Contract With Deed.* A contract and deed examined, and *held*, the grantee has a present interest in the real property described in the deed.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed February 6, 1926. Reversed.

*Nelson J. Ward* and *H. H. Van Natta*, both of Belleville, for the appellant.
*W. D. Vance* and *R. E. McTaggart*, both of Belleville, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for divorce. There was an answer and cross petition for divorce. After a hearing the trial court declined to grant a divorce to either party, and made a division of property. The defendant has appealed.

Plaintiff and defendant were married September 2, 1914. They were young people of good standing, and each had highly respected parents. At the time of their marriage they had but little property. Defendant had been reared on a farm. His father owned and resided upon a 640-acre farm, and on this he built a neat cottage for the young couple and they went to live there and farmed a part of his land upon shares. Books were kept and a settlement made two or three times a year. The parties continued to live there until their separation. At that time defendant had some personal property of his own and was joint owner with his father of other personal property used in farming, and under his agreement at that time received one-half of the crops raised. A daughter was born to them in December, 1917. The home was always well provided for. The parties occasionally attended dances or other gatherings of young

Deeds, 18 C. J. p. 306 n. 57. Depositions, 18 C. J. p. 740 n. 98; 25 L. R. A. n. s. 868; 8 R. C. L. 86. Divorce, 19 C. J. pp. 137 n. 79, 142 n. 52, 194 n. 36, 196 n. 36, 356 n. 32.

people in the neighborhood, and they had no serious trouble until a few months before their separation. A year or more prior to their separation they became acquainted with Mr. and Mrs. C. F. Black, people about their own age, who had one child, a boy some five or six years old. They lived in Belleville. Mr. Black was a brakeman on the railroad. After they became acquainted the two families visited back and forth, and at times went to parties or dances together. On those occasions they usually went in defendant's automobile, Mrs. Black and one of the children riding in the front seat with defendant, and plaintiff and Mr. Black and the other child riding in the back seat. On several occasions after a dance they drove by the Bowen home and had something to eat, and then the Bowens took the Blacks into town.

On one occasion defendant overheard a part of a conversation between plaintiff and Mr. Black which indicated undue intimacy between them. As soon as they were alone defendant told plaintiff of this and asked her about it. After some hesitation plaintiff told defendant something of her previous misconduct with Mr. Black. A day or two later plaintiff and defendant went to the Blacks' home, where these revelations were discussed and both plaintiff and Mr. Black admitted in part, at least, their previous unduly intimate relations. Mr. Black advised discretion, to avoid a scandal, and the parties tentatively agreed not to make the matter public at that time and to see if they could get along. Plaintiff and defendant returned home and lived together a few weeks, but defendant was moody and indifferent to plaintiff. Plaintiff tired of this, called her father by telephone and said she was coming home. This is the first her father knew of trouble between the parties. The father came and asked defendant if their trouble could be reconciled; defendant replied that he did not think so. Plaintiff then took part of the furniture and her daughter and went to the home of her parents, and later brought this action. Other evidence, the sordid details of which need not be stated, tended to corroborate the confessions of plaintiff and Mr. Black as to their unduly intimate relations. It seems the misconduct of plaintiff and Mr. Black also broke up the Black home.

After the issues were joined defendant, after giving due notice, took the deposition of Mr. Black. Plaintiff's counsel appeared, objected to the taking of the deposition for the reason that Black was a resident of the county in which the action was pending (he

was then separated from his wife and rooming at a hotel), and no reason appeared why he could not be present at a trial. This objection was overruled. The witness testified of having had sexual intercourse with plaintiff, of the meeting when the matter was discussed and confessions made, and generally of his acquaintance with and relations to the parties, and plaintiff's counsel cross-examined him at length. When the case was set for trial defendant subpœnaed his witnesses, including Mr. Black, but he could not be served with subpœna. It was shown that the day the court convened Mr. Black asked his foreman for a lay-off and took a passenger train east. No one seemed to know where he went nor when he would return. The trial court refused to permit the deposition to be read in evidence.

At the close of the evidence the court found:

". . . that the charges of adultery and extreme cruelty on the part of the plaintiff, and the charges of adultery, extreme cruelty and gross neglect of duty on the part of the defendant, have none of them been proved, and that a divorce should be denied each party; and the court further finds that although said charges have not been proven to the extent of justifying the granting of a divorce to either of said parties, yet such conditions exist and have been established by the evidence in relation to said parties to convince the court, and the court finds, that the marital relations of the parties hereto are such that an equitable division of the property acquired by them during their marriage should be made, and provision be made for the custody, control, maintenance and education of the minor child of said parties."

In accordance with this finding the court refused a divorce to either party, granted plaintiff the custody of the minor child, decreed that defendant pay plaintiff $150 each six months for the support of the child until she reached her majority, and for a division of the property decreed that defendant pay plaintiff $4,000 in payments of $500 per year.

The defendant has appealed, and contends that the court erred, (1) in refusing to admit in evidence the deposition of Mr. Black, (2) in refusing to grant defendant a divorce, and (3) in the division of property.

It was error to refuse to admit in evidence the deposition of Mr. Black. The nature of the case as a whole, the character of the testimony of this witness and its importance as bearing upon the issues framed by the pleadings, rendered this evidence important to defendant; and, if important, he had a right to fortify himself against the possible voluntary absence of the witness to avoid being subpœnaed—a thing which evidently did occur—or other contin-

gencies which might arise and which would render his appearance at the trial impossible. (R. S. 60-2819; *In re Abeles,* 12 Kan. 451; *In re Merkle, Petitioner,* 40 Kan. 27, 19 Pac. 401; *Griffith v. Railroad Co.,* 100 Kan. 500, 507, 166 Pac. 467.)

Appellee argues, even if the deposition should have been admitted, the refusal to admit it was not error, for it was merely cumulative of the testimony of defendant and Mrs. Black as to the admissions made; but the evidence of a participant in an affair differs from admissions concerning it.

Reading this record it is difficult to understand why a divorce was not granted to defendant. The grounds for divorce alleged by plaintiff in her petition were not sustained by the evidence. It is not contended in this court that the trial court erred in refusing her a divorce. The grounds for divorce alleged by defendant—at least some of them—were sustained by an abundance of competent evidence; they are grounds upon which the statute authorizes the granting of a divorce; and to deny defendant a divorce upon the evidence disclosed by this record is in effect to deny to a citizen of this state the legal relief which the laws of the state afford. Appellant asks this court to direct that a decree of divorce be entered in his behalf. But we shall not do that. The question is properly one for the trial court, who has an opportunity to observe the witnesses and hear them testify. But the discretion of a trial court to pass upon the evidence should not be used to deprive a party of relief which the law affords him when his claim thereto is sustained by a fair consideration of all the evidence.

Appellant complains of the division of property. There can be no just complaint, if the custody of the child is awarded to the mother, in requiring defendant to pay what amounts to $25 per month for the support, maintenance and education of the child. The real complaint is the allowance to plaintiff of $4,000 to be paid by defendant. This does have more the aspect of an allowance of alimony than a division of property under R. S. 60-1506. The property owned by the parties at the time of their separation—other than an interest in real estate, which will be later discussed—consisted of money in the bank, a half interest in the personal property used in conducting the farm, and a few other items, all of the value of about $3,000, and which had been reduced somewhat by necessary expenditures for alimony, suit money and attorney fees by the time of the trial. This property had been accumulated by the joint efforts.

Bowen v. Bowen.

of the parties since their marriage, and the authority of the court to make a division of this is not questioned.

There is a contention as to the interest of defendant in a certain 160 acres of land. The controversy arises in this way: Defendant's father, Daniel A. Bowen, and his wife were the owners of 640 acres of land and a substantial amount of personal property. They had five children—four sons and one daughter. In November, 1922, they as parties of the first part, entered into a written agreement with their five children and their respective spouses, as parties of the second part, by the terms of which it was agreed that the parties of the first part would convey to each of their four sons 160 acres of land, subject to a life use of the grantors, or the survivor of them, and subject, further, to a charge against the same for the benefit of their daughter. To determine the amount of this charge it was provided that at the time of the death of the survivor of the parties of the first part an inventory of the land should be taken by disinterested appraisers, that the total appraised value of the four quarter sections of land should be added to the value of the personal property, that this sum should be divided by five, and that the daughter should have one-fifth of it, and that the portion thereof to be paid by each of the sons should be a charge upon the land conveyed to him. This agreement was executed, acknowledged and filed of record, and Daniel A. Bowen and wife executed to the defendant in this case a general warranty deed for 160 acres of the land in question, subject to the life use of the grantors, or the survivor of them, and subject to the provisions of the written agreement, as above stated. It is contended by appellant that this deed and contract construed as one instrument was so testamentary in character that it conveyed no present interest in the land to this defendant. This contention cannot be sustained. The deed was a present conveyance of an interest in land. This interest was subject to two charges; first, the life use of the land by the grantors, and second, to its proportionate share of the sum which may be found necessary to pay the daughter one-fifth of the value of the estate as a whole. Naturally its present value is difficult to ascertain, but, nevertheless, it is a substantial vested interest in the property.

The judgment of the court below will be reversed with directions to grant a new trial.

MARSHALL, J. (concurring specially): I concur in the conclusion, but do not concur in all that is said in the opinion.