## GENERAL EXPLOSIVES CO. v. WILCOX.

No. 18583. Opinion Filed June 12, 1928.

(Syllabus.)

1. Depositions—Exceptions to Deposition as a Whole—Waiver of Statutory Requirements by Stipulation.

Section 629, C. O. S. 1921, requires exceptions to a deposition as a whole to be in writing, specifying the grounds of objection and to be filed with the papers in the cause before commencement of the trial, but the requirements of said section may be waived, and are waived by a stipulation contained in a deposition that objections may be made in progress of the trial as to the whole deposition or any interrogatory therein propounded for any reason.

2. Depositions—Right to Use—Effect of Witness Being Within Jurisdiction of Court.

Sections 612 and 626, C. O. S. 1921, provide the deposition of a witness cannot be used as evidence in the trial of a cause where it appears that the witness is within the jurisdiction of the court, except where such witness is disabled or imprisoned, or dead.

3. Appeal and Error—Necessity for Objections and Exceptions in Trial Court.

An objection made in the trial of a cause is addressed to the trial court; exceptions are made as a predicate for review by the appellate court. Without exceptions made, the objector acquiesces in the ruling of the trial court.

4. Fraudulent Conveyances—Inadmissibility of Declarations of Fraudulent Intent Made by Vendor After Transfer.

Declarations of fraudulent intent made by the vendor after transfer are not admissible as against the vendee to affect her title where no fraud is established and possession passes and where the declarations were not made in the presence of vendee.

5. Same—Action by Creditors to Cancel Deed—Prerequisites to Relief.

It is a prerequisite to relief in equity that legal remedy be exhausted, consequently, where a deed is sought to be set aside on the ground of being executed in fraud of judgment creditors, it is a condition precedent to establish either execution returned nulla bona or to prove insolvency.

Error from District Court, Tulsa County; Luther James, Judge.

Action by the General Explosives Company against Ella Wilcox to cancel a warranty deed. Demurrer sustained to evidence of plaintiff and judgment rendered dismissing plaintiff's petition, from which plaintiff appeals. Affirmed.

Shell Bassett, for plaintiff in error.

John B. Meserve, for defendant in error.

RILEY, J. The appellant explosive company instituted this action below on January 28, 1926, against Ella Wilcox, to cancel a warranty deed from H. H. Wilcox to defendant below, which deed on its face appears to have been executed and delivered January 3, 1922, and duly recorded November 4, 1925, and "in consideration of the sum of $1 and other valuable considerations," and in conveyance of the N. E. ¼ of section 1, township 17 N., range 12 E., Tulsa county, Okla.

The evidence below established that Ella Wilcox was the wife of H. H. Wilcox, and that plaintiff below was a judgment creditor of H. H. Wilcox, which latter relation was created by H. H. Wilcox on September 17, 1921, having signed as surety an appeal bond, the appeal of which was dismissed by this court on September 6, 1922, and thereafter on February 12, 1925, the plaintiff below having obtained judgment against H. H. Wilcox in the sum of $7,100 on said bond.

The grounds alleged for cancellation were fraud by reason of (1) insolvency of grantor at the time of execution of the deed; (2) lack of consideration for the deed; (3) knowledge of grantee of insolvency of grantor; (4) withholding of deed from record.

The defendant answered by a general denial and alleged that she was owner of the one-fourth interest in the land described; that she acquired said land by a warranty deed from H. H. Wilcox on January 6, 1922, for a valuable consideration paid in the sum of $2,000.

The trial court sustained a demurrer to the evidence of plaintiff and dismissed plaintiff's petition.

There was no allegation in the petition nor proof of attachment issued upon the land in question.

There was no competent evidence to sustain the allegation that grantor, H. H. Wilcox, did not possess other property from which the judgment could be satisfied. The allegation of the petition that H. H. Wilcox was insolvent was not established by competent evidence.

The only evidence offered touching upon the insolvency of H. H. Wilcox was the deposition of Joseph B. Bartlett. Objection at trial was made to the entire deposition, which was in accord with the stipulation contained in the same, which inclines us to the view that the rule expressed in Bagg v. Schoenfelt, 71 Okla. 195, 176 Pac. 511, and in section 629, C. O. S. 1921, was waived.

That section and rule require exception to deposition as a whole to be in writing, specifying the grounds, and filed in the cause prior to commencement of trial; yet such time and form as specified by the rule may be waived. W. F. & N. W. Ry. Co. v. Davern, 74 Okla. 151, 177 Pac. 909. Herein the parties stipulated that the defendant should have the right to object to the deposition or any interrogatory therein propounded, in part or portion thereof, on the grounds of its competency, relevancy, or materiality, or for any other reason. The construction put upon this stipulation by the act of the parties was that objections were intended to be made at and in the course of trial. The stipulation was a waiver of the provisions of section 629, supra. The deposition itself shows Bartlett lived in Tulsa and was within the court's jurisdiction and amenable to process and willing to obey its process. It appears (C.-M. p. 30) that Bartlett was under process of subpoena, but because of important business he was excused by plaintiff. Under the facts herein, the statute barred the use of the deposition. Section 612, C. O. S. 1921. There was no legal cause for nonattendance of the witness. Section 626, C. O. S. 1921.

"A deposition cannot be used where the witness is within the jurisdiction of the court." Schaff v. Coyle, 121 Okla. 228, 249 Pac. 947.

The trial court reluctantly admitted the deposition over the objection of defendant. The admission of same was error. We note that no exception was saved to the admission. It must be remembered that objections are addressed to the trial court, while exceptions are made as a predicate for review of the ruling of the trial court. Without exception noted, the objector acquiesces in the ruling of the trial court. We, therefore, consider that the defendant acquiesced in admission of the deposition as a whole. However, objections were sustained by the trial court to practically all material questions propounded to the witness Bartlett, and properly so. The only material evidence contained in said deposition to which objection was not sustained was that H. H. Wilcox, after the transfer of title by warranty deed to his wife, manifested some in-

terest in the land in controversy by requesting delay of an independent lawsuit, the Oil Well Supply Company's suit against him, and said he expected to sell the land in question and settle that claim. Such testimony was in response to the question:

"About when was that conversation, if you remember?"

—and certainly was not responsive to the question, and hearsay, and so incompetent upon such objections made.

The trial court reserved its ruling upon the question of admission of statements made by Wilcox against his wife's interest, but finally held the same incompetent. H. H. Wilcox was not a party to the action, nor was he called as a witness.

The trial court's delayed ruling is sustained. 12 R. C. L. 676; 41 L. R. A. (N. S.) 22-31. Subsequent declarations by a grantor are not admissible against a grantee. We conclude there was no competent evidence establishing the insolvency of grantor.

We hold that a court of equity may be justified in not interfering to annul a voluntary conveyance claimed to be fraudulent against creditors, unless insolvency of the debtor be shown by execution returned nulla bona, or other satisfactory proof. Gwyer v. Figgins, 37 Iowa, 517; Turner & McKnight v. Adams, 46 Mo. 95; Ziska v. Ziska, 20 Okla. 634, 95 Pac. 254. Here the trust alleged and the judgment lien depended upon a fraudulent conveyance. The fraudulent conveyance depended upon insolvency, alleged, but not established by proof, so there was no trust nor lien established, and it would seem a prerequisite to relief in equity that showing be made of exhausted legal remedy, issuance of execution upon the judgment and return thereon nulla bona, or by proof of insolvency.

There was no competent evidence to show that grantor did not possess other property out of which the judgment might have been collected within the law and without resort to equity.

We do not hold that the fruitless execution, although generally conclusive, is the only means of proof of exhausted remedy at law, for neither law nor equity requires a useless thing or a meaningless form. But we do hold that inadequacy of legal remedy must be shown before equity will relieve. In such a case as this, it seems to us, in the absence of allegations or proof of an execution returned unsatisfied, that insolvency must be established as a fact. Insolvency was not established. The allegation of

knowledge on the part of the grantee of the insolvency of grantor likewise failed in proof. Lack of consideration was indicated only by a circumstance. That was by failure of the deed to bear upon it an internal revenue stamp, whereas the laws of the United States in force at the time of the execution of the deed provided when the consideration exceeded $100, such stamps should be placed thereon. Baumhoff v. O. C. G. & P. Co., 14 Okla. 127, 77 Pac. 40. Inadequacy of consideration is only inferentially shown. Even if considered established, the inadequacy of consideration alone would not make necessary cancellation herein in the absence of fraud against creditors. There were no indicia of fraud shown.

"The relation of the parties and inadequacy of consideration are facts which may be taken in consideration as bearing upon the question of fraud in the execution of the conveyance, and are circumstances from which fraud may be inferred." Miller v. Smith, 109 Okla. 203, 235 Pac. 225.

But, as stated in the case cited, "unless the consideration is so inadequate as to shock the conscience of the court," the courts have held that mere inadequacy of consideration alone will not render such a transfer void as to creditors.

There was an entire absence of proof in the case at bar as to the value of the one-fourth interest in the land conveyed by the deed sought to be canceled.

"That the parties to conveyance are related by blood or marriage does not of itself establish fraud, * * * but such fact * * * may be considered * * * with other evidence tending to impeach the transaction." First Nat. Bank v. Sparks, 118 Okla. 45, 246 Pac. 638.

It was further pointed out in the case cited:

"The transaction will not be held fraudulent merely because the parties are related to each other; but the conveyance will be looked on with suspicion where the grantor is heavily indebted and the conveyance is of all his property. If the consideration is fictitious and the conveyance is made when the grantor is insolvent, the conveyance will be set aside," etc.

Herein there was no proof of indebtedness existing at the time relief was sought. There was proof of one past independent and impending lawsuit and none other. We know nothing of the amount involved therein, nor the existence of that indebtedness at the time of trial herein.

In Apple v. American Nat. Bank, 104 Okla. 69, 231 Pac. 79, it was held:

"If a transfer is made by a debtor in anticipation of a suit against him, after suit has been begun and while it is pending against him, this is a badge of fraud, and especially if it leaves the debtor without any estate or greatly reduces his property."

Therein the grantor testified:

"I haven't anything much, just an old car and a lot in the southeast part of town."

And therein, the lot mentioned was shown to be in the name of a third person.

In Ward v. Wiggins, 73 Okla. 46, 174 Pac. 231, it was held that any conveyance of real estate made without fair and valuable consideration is void, as against all parties to whom the maker of the conveyance is at the time in debt, or under any legal liability, irrespective of the question of fraudulent intent.

But each of the last three cases cited and relied upon were when attachments had been levied upon the specific real estate. It was in the last-cited case stated:

"After the establishing of an attachment lien against the interest of Walter H. Ward and F. C. Ward, an equitable action could have been brought against Marcella G. Ward to enforce such lien as superior to her claim to the land."

Ziska v. Ziska, 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1, was therein cited and relied upon, to the effect that after establishment of an attachment lien, resort may be had to equity, and "in such a case the petition need not aver execution issued and returned nulla bona, it being sufficient to aver in appropriate language the lack of any other available assets.

Herein there was no attachment lien alleged or proved. Moreover, it is obviously essential to prove an allegation as to the lack of other available assets. As to lack of other available assets, the proof fails.

Withholding the deed from record is set out as a badge of fraud. As we view it, the fact that grantee withheld the deed in controversy from record until November 17, 1925, raises a presumption to the contrary, i. e., that she did not know of any alleged insolvent condition of her husband or that the deed was for the purpose of defrauding creditors. Schreyer v. Scott, 134 U. S. 405, 33 L. Ed. 955.

Section 6023, C. O. S. 1921, provides:

"In all cases arising under the following section, or under the provisions of this chapter, except as otherwise provided in the second preceding section, the question of fraudulent intent is one of fact and not of

law; nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration."

Section 4998, C. O. S. 1921, provides:

"Actual fraud is always a question of fact."

In addition, the introduction of the deed was prima facie evidence of title. Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758; Tayiah v. Bonnell, 77 Okla. 40, 186 Pac. 240.

There was no evidence as to the value of the land conveyed by the deed, consequently we cannot say that whatever consideration passed under the recital contained in the deed, the same was in fact inadequate.

The judgment sustaining the demurrer to plaintiff's evidence and dismissing the petition is affirmed.

MASON, V. C. J., and LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) 18 C. J. p. 754, §381; p. 758, §384. (2) 18 C. J. p. 738, §350. (3) 3 C. J. p. 895. §802; 2 R. C. L. p. 92; 1 R. C. L. Supp. p. 391; 4 R. C. L. Supp. p. 80; 5 R. C. L Supp. p. 69; 6 R. C. L. Supp. p. 66. (4) 27 C. J. p. 809, §740. (5) 27 C. J. p. 741, §606; 12 R. C. L. p. 636; 7 R. C. L. Supp. p. 650: 6 R. C. L. Supp. p. 717.