No. 41,161

EUGENE ROBERT RICHARD, a Minor, by and Through His Father and Natural Guardian, Wilfred Richard, *Appellant,* v. FRED POHL, ALBERT HARGREAVES, WAGNER FREIGHT LINES, INC., a Corporation; CROUCH BROTHERS, INC., a Corporation; and CASUALTY RECIPRO- CAL EXCHANGE, *Appellees.*

(334 P. 2d 390)

Opinion filed January 24, 1959.

*John E. Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, Joseph P. Jenkins,* and *Albert M. Ross,* all of Kansas City, were with him on the briefs for the appellant.

*Leonard O. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stanley, J. E. Schroeder, Lee E. Weeks,* and *J. Donald Lysaught,* all of Kansas City, were with him on the briefs for the appellees, Fred Pohl, Wagner

Freight Lines, Incorporated, Crouch Brothers, Incorporated, and Casualty Reciprocal Exchange.

*Willard L. Phillips,* of Kansas City, argued the cause, and *Thomas M. Van Cleave, Patrick B. McAnany, Thomas M. Van Cleave, Jr.,* and *James J. Lysaught,* all of Kansas City, were with him on the briefs for the appellee, Albert Hargreaves.

The opinion of the court was delivered by

ROBB, J.: This action was instituted in the district court of Wyandotte county to recover for personal injuries arising out of an automobile-truck collision. The issues have been determined by the petition of plaintiff, the answers of the several defendants, and plaintiff's replies thereto. Plaintiff served notice on all the defendants to take the depositions of Charles Turner, a resident of St. Joseph, Missouri, and of Mrs. Hazel Hargreaves of Dickinson county, Kansas. Neither Turner nor Mrs. Hargreaves is a party in the action. Turner is the agent of defendant, Crouch Brothers, Incorporated, and Mrs. Hargreaves is the wife of defendant Albert Hargreaves.

Defendants filed an application for temporary injunction seeking to enjoin plaintiff from taking the depositions. During a somewhat informal hearing before the trial court, counsel for defendants stated, in substance, that because of their close relationship with the two named defendants, the persons named would be produced by defendants and would be present in court; that the witnesses were in good health and would appear at the trial. Defendants also made the additional averment that the taking of the depositions was nothing more than a fishing expedition; it was not an attempt to obtain evidence for plaintiff but was merely to obtain knowledge of defendants' evidence in advance of trial; such purpose is not included or contemplated by our statutes providing for the taking of depositions or by our court decisions. The trial court granted the temporary injunction and plaintiff appealed from that order.

Two questions are presented:

1. Did the trial court err in enjoining plaintiff from taking the deposition of a witness not a party to the action who resides in a county other than the county in which the action is pending?

2. Was it error for the trial court to enjoin plaintiff from taking the deposition of a witness not a party to the action who resides in another state?

For clarity, we shall set out the pertinent statutes, or parts thereof,

from our General Statutes of 1949. Under the general heading, "Means of Producing Witnesses," 60-2810 reads:

"A witness may be required to attend for examination on the trial of a civil action or for the purpose of taking his deposition in a county other than that in which he resides by tendering him the mileage allowed by law and the fee for one day's attendance; but the cost of witnesses attending from outside the county shall not be taxed against the opposing party unless by order of the court."

Under the heading, "Taking Depositions," 60-2819 reads in part:

"The deposition of any witness may be used only in the following cases:
"*First.* When the witness does not reside in the county where the action or proceeding is pending, or is set for trial by change of venue, or is absent therefrom.
"*Second.* When from age, infirmity or imprisonment the witness is unable to attend court, or is dead. . . ."

Section 60-2820 provides:

"Either party may commence taking testimony by deposition at any time after service upon the defendant of summons or the date of first publication of notice . . .,"

and section 60-2821 in part provides:

"In any action now pending or hereafter instituted in any court of competent jurisdiction in this state, any party shall have the right to take the deposition of the adverse party, his agent or employee, and in case the adverse party is a . . . corporation . . . then of any agent or employee of any such . . . corporation . . . when such agent or employee of such adverse party is without the jurisdiction of the court or cannot be reached by the process of the trial court. . . ."

Section 60-2822, construing 60-2821, is as follows:

"The provisions of this act shall be cumulative of all the laws of this state, and shall not be construed as repealing any other law relating to the taking of testimony or evidence, and shall be construed as providing an additional means of securing evidence."

Section 60-2843, covering when depositions may be read, states:

"When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that, for any cause specified in section 337 [60-2819], the attendance of the witness cannot be procured."

Counsel has cited several of our cases (and the pertinent statutes) which involve the taking of depositions of adverse parties but we shall not concern ourselves with those cases or that subject since neither Mrs. Hargreaves nor Turner is a party named in the action.

. In one of our early Kansas cases (*In re Abeles,* 12 Kan. 451) this court held:

' "A party to an action can compel a witness to give his deposition in the case prior to the trial, even though such witness resides in the county in which the action is pending." (Syl. ¶ 1.)
' "The giving of testimony, whether on trial, or by deposition, is not a privilege of the witness, but a right of the party." (Syl. ¶ 3.)

Very practical and comprehensive reasoning for these legal principles was set out by Justice Brewer in the opinion in the Abeles case:

"If the deposition of a witness can be used in case of his death, the party must have a right to take that deposition beforehand. So of the other contingencies named in the statute." (p. 452.)

The Abeles case was cited and followed in *In re Merkle, Petitioner,* 40 Kan. 27, 19 Pac. 401, and the court there applied the same reasoning when it stated:

". . . as a rule a party has a right to take the deposition of witnesses so as to provide against all contingencies as a mere matter of precaution." (p. 30.)

The following rule was established in *Funk v. Insurance Co.,* 87 Kan. 568, 125 Pac. 35:

"A party still has the right to use the deposition of a witness who resides in another county, notwithstanding that under the present statute he might require his personal attendance at the trial." (Syl. ¶ 1.)

We are not here ruling that the trial court has the duty to allow the use of the depositions of Mrs. Hargreaves or Turner at the time of trial, but the ruling in the Funk case is mentioned merely because it was cited by plaintiff and we recognize his reason for doing so. The trial court in that case allowed testimony to be used which had been given at a former trial by a witness who was a resident of the state but not of the county, as is shown in the opinion, and on appeal this court decided that such allowance did not amount to reversible error and made this statement:

". . . we do not think the legislature intended, in permitting a litigant to require the resident of another county to attend a trial, to compel him to do so, if he preferred to make use of a deposition. This seems especially obvious in view of the provision 'that the costs of witnesses attending from outside the county shall not be taxed against the opposing party unless by order of the court.'" (pp. 569-570.)

One of the contingencies against which a litigant has a right to fortify himself in taking the deposition of a witness prior to trial occurs when a witness voluntarily absents himself to avoid being

subpoenaed, or by reason of some other occurrence which makes his appearance at the trial impossible. (*Bowen v. Bowen,* 120 Kan. 545, 547, 548, 246 Pac. 992.)

The statutes controlling the taking of depositions before trial and the use thereof as evidence during a trial are clear, unambiguous and definite. We think they fully cover the questions presented in this case and, when considered along with our former decisions as above set out, we are compelled to conclude that plaintiff had a right to take the depositions of Mrs. Hargreaves and Turner. When, on the record and proceedings before it, the trial court granted the temporary injunction forbidding the taking of the depositions by plaintiff, it deprived plaintiff of his statutory right so to do. This was error and we cannot allow the injunction to remain in effect.

We have carefully considered *Sampson v. Post,* 154 Kan. 555, 119 P. 2d 495, but that case is easily distinguishable from this one for the reason therein stated that, "The instant case does not fall within any class enumerated in the statute [G. S. 1949, 60-2819]." (p. 558.) Our present case clearly falls within the statute.

The judgment of the trial court is reversed and the trial court is directed to dissolve the temporary injunction and to proceed in conformity with the views herein expressed.