**Willa Jean SMART, Plaintiff in Error,**

v.

**George C. CAIN, Defendant in Error.**

**No. 43282.**

Supreme Court of Oklahoma.

Feb. 1, 1972.

Rehearing Denied Feb. 22, 1972.

LaMar, Tryon, Sweet, Hensley & Field, by Frank E. Hensley, Guymon, for plaintiff in error.

Ogden, Ogden & Board, Guymon, for defendant in error.

HODGES, Justice.

This is an appeal from a judgment upon a jury verdict for plaintiff in a personal injury and property damage case arising out of an intersection automobile accident.

The dispositive issue is whether the trial court erred in refusing to admit into evidence the deposition of the defendant.

Defendant was not present when the case was called for trial. Defendant's attorney entered a motion for continuance of the trial on the grounds of defendant's absence and that he had been unable, after due diligence, to locate the defendant and advise her the matter had been set for trial. A subpoena had been issued for the defendant to appear as a witness, but was returned by the sheriff with a notation "not found." Statements of counsel, uncontradicted by counsel for plaintiff, showed attempts to locate defendant were without success. The trial judge stated from the bench, "Let the record show according to information and belief of this court the defendant has a criminal charge pending here in this county and as a result of such charge has left the county." The court overruled the motion for continuance and the case proceeded to trial.

Upon trial of the case, and after plaintiff had rested, counsel for the defendant offered into evidence the deposition of the defendant, by reason of her absence as above stated. The deposition of the defendant had been taken by plaintiff some nine months before the trial and was filed in the case with the court clerk. The trial court refused to admit the deposition into evidence, and the cause was submitted to a jury, resulting in a verdict in favor of the plaintiff.

The trial court refused to admit the deposition into evidence on the erroneous theory that it was a discovery deposition and if allowed it would destroy the purpose of discovery testimony.

■■ The admissibility of a deposition into evidence does not depend on the purpose for which it was taken. Nor is its use limited to the party who initiated it. Where a deposition is taken and filed in the case it becomes the property of the court and either party is entitled to its use in the trial of the case, subject, however to other rules of evidence and statutory requirements. See 26A C.J.S. Depositions, §§ 92(2), 97. Rucker v. Reid, 36 Kan. 468, 13 P. 741. We shall now direct our attention to these requirements to determine the admissibility of the deposition.

Title 12 O.S. 433, specifically states when a deposition can be used in the trial of a case. The statute provides:

"1st, When the witness does not reside in the county where the action or proceeding is pending, or is sent for trial by change of venue, *or is absent therefrom.* (Emphasis supplied)

"2nd, When, from age, infirmity or imprisonment, the witness is unable to attend court or is dead.

"3rd, When the testimony is required upon a motion, or in any other case where the oral testimony of the witness is not required."

■■ The conditions under which a deposition can be used are clearly and emphatically stated. It can only be used in those cases enumerated. Absence from county is one of the cases under which a deposition may be used. The legislature did not restrict absence to a nonresident of the county, nor did they specify any other limitations. It then appears that a mere absence of a witness from a county is sufficient.

Plaintiff contends, however, that Section 433 is limited or qualified by Section 447. This Section provides:

"When a deposition is offered to be read in evidence, it must appear to the satisfaction of the court that for some legal cause the attendance of the witness cannot be procured."

■■ Plaintiff argues mere absence of witness from a county is not sufficient under this statute, but requires a standard of "absence through *legal cause.*" Under this standard plaintiff argues a voluntary absence is not legal cause. The fallacy of this interpretation is that if "absence through legal cause" was a required standard before a deposition could be used in the trial of the case, it would place a qualification on the use of a deposition which the legislature did not require in the prior Section (433). While it is somewhat difficult to reconcile the two statutes under any interpretation we believe a more consistent interpretation would say that the phrase used in Section 447, "legal cause" refers back to the conditions listed in the three subparagraphs of Section 433, and that the primary intent of the legislature in enacting Section 447 was to require a standard of proof necessary to invoke the legal causes as provided in Section 433. In other words, absence from a county *is* legal cause. The only other requirement is that it must appear to the satisfaction of the court that the witness is absent from the county. The cause or reason of his absence being immaterial. Of course, the trial court has the inherent power in the administration of justice to prevent a party from perpetrating a fraud upon the court by his absence, but we do not have that question before us in this case.

A case in point is Bowen v. Bowen, 120 Kan. 545, 246 P. 992. There the Kansas court in interpreting a similar statute held that a deposition taken from a witness who was voluntarily absent from the county was admissible in evidence at the trial of the case.

In the present case it appears the trial judge was satisfied that on the day of trial the defendant was absent from the county. The reason for her absence, though not commendable, was not related to the case or its trial, therefore, any element of collusion or perpetration of fraud was not present. It was therefore error for the trial court to refuse to admit the deposition of the defendant in evidence as his absence from the county on the day of trial permitted the use of his deposition under Section 433.

Judgment reversed with directions to grant a new trial.

DAVISON, V. C. J., and WILLIAMS, JACKSON and BARNES, JJ., concur.

IRWIN, LAVENDER, and McINERNEY, JJ., dissent.

McINERNEY, Justice (dissenting).

I concur in the first syllabus and in that portion of the opinion holding that a discovery deposition may be admitted as evidence in the trial of a case when the attendance of the witness cannot be procured. 12 O.S.1961, § 447.

However, I find no evidence in the record that the defendant cannot procure the attendance of the witness whose deposition is sought to be used. The "witness" is the defendant herself! The defendant-witness has elected to voluntarily be absent from the trial after a pre-trial hearing and legal notice of the trial setting. In my view, the purpose of the deposition statutes is to *assist* a litigant in the trial of a case; the purpose is not to provide the litigant with an *election* between testifying in person or by deposition. Title 12 O.S.1961, § 433(1) recognizes those instances when the presence of the deponent at the trial cannot be obtained by a litigant through judicial process, such as a subpoena (12 O.S.1961, § 390), and the deposition is therefore admissible. In other words, the inability of the litigant to compel the attendance of the witness is the legal cause for the admission of the deposition.

I do not believe that either legal cause or diligence in failing to procure the attendance of a "witness" is demonstrated by her inability to subpoena herself.

Bowen v. Bowen, 120 Kan. 545, 246 P. 992, cited in the majority opinion, holds that the deposition of an absent witness *who could not be served with a subpoena* is admissible in the trial of the action. The deponent in this divorce case had testified to intimacies with Mrs. Bowen and then taken the early train out of town on the day of the trial. *Bowen* does not stand for the proposition that Mrs. Bowen's deposition would be admissible; it merely holds that Mr. Bowen may use the deposition of a *third party deponent* upon a showing of the voluntary absence of this witness to avoid being subpoenaed. The rule in Kansas as in Oklahoma, was, and is, that it must first be shown to the court that the witnesses' oral testimony cannot be procured upon the trial. Frankhouser v. Neally, 54 Kan. 744, 39 P. 700; General Explosives Co. v. Wilcox, 131 Okl. 190, 268 P. 266 (1928). It is my position that the voluntary absence of a litigant, who resides in the county where the action is being tried, fails to satisfy this basic requirement.

I would hold in this case that (1) a discovery deposition may be used in the trial of an action if it appears to the satisfaction of the court that for some legal cause the attendance of the witness cannot be procured; (2) a resident party to the action may not create "legal cause" by her voluntary absence from the county since her oral testimony may always be procured by her own action and without the necessity of compulsion, as is the case in the use of a subpoena for other witnesses; (3) no

error was committed in excluding the deposition of the defendant in the circumstances presented here.

I believe further that the present statutes controlling the use of a deposition are fully adequate as an evidentiary rule without injecting fraud or collusion .as added elements in determining the admissibility of a deposition.

I respectfully dissent.

I am authorized to state that IRWIN and LAVENDER, JJ., join in the views expressed herein.