## TAYIAH v. BUNNELL.

No. 9478. Opinion Filed Dec. 23, 1919.

(Syllabus by the Court.)

1. **Vendor and Purchaser—Action for Price —Parol Evidence—Deeds.**

In an action to recover the purchase price of lands, the true consideration of a deed may be shown by parol evidence.

2. **Deeds—Consideration   Clause — Conclusiveness.**

The consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed, but for every other purpose it is open to explanation by parol proof, and is prima facie evidence only, of the amount, kind, and receipt of the consideration.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by Emmett Tayiah against Maude A. Bunnell. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

C. K. Templeton and W. L. Cunningham, for plaintiff in error.

Albert Faulconer and G. A. Chappell, for defendant in error.

BAILEY, J. This action was commenced in the district court of Osage county, by Emmett Tayiah, plaintiff below, to recover from Maude A. Bunnell, defendant below, the sum of $5,000, together with interest thereon at the rate of six per cent. per annum from the _____ day of May, 1914; plaintiff alleging that the said sum was due him as the purchase price of certain lands located in Kay county, Oklahoma, and further alleging that plaintiff in error had executed and delivered to defendant in error his deed on the _____ day of May, 1914, with the agreement and understanding that said defendant in error should pay to plaintiff in error, said sum of $5,000, but that no part of said sum has been paid. The defendant in error, Maude A. Bunnell, filed an answer, admitting the execution and delivery of the deed as alleged, and further admitting that defendant in error had entered into possession of said property, but further averring that, although the consideration mentioned in the deed was $3,500, in truth and in fact the consideration for said deed was $4,500, and that the full consideration of $4,500 had been paid to plaintiff in error. To defendant in error's answer, plaintiff in error filed a reply, consisting of a general denial; and upon the issues thus framed the cause came on for trial before a jury. After the introduction of plaintiff's evidence, a demurrer to the evidence was interposed by defendant in error,

which demurrer was sustained and judgment rendered in favor of defendant in error, from which action of the trial court, appeal has been had to this court.

In the trial of the cause, plaintiff in error, plaintiff below, undertook to prove by the plaintiff that plaintiff never at any time, either before making the deed or after delivering same, received anything of value or any consideration whatever for the deed, and at the time the deed was executed, it was orally agreed that the consideration was to be paid upon the delivery of the deed, and that the consideration to be paid was the sum of $5,000. Various questions were propounded to the witness with the purpose of developing the facts as above indicated, to all of which questions objection was made and sustained by the trial court; the trial court apparently taking the position that, in the absence of an allegation of mistake, fraud or undue influence, parol testimony was not competent to vary the terms of the expressed consideration, and that plaintiff in error was bound by the recital of the deed that he had received the money.

Two questions are presented for the consideration of this court: First, could parol evidence be received to contradict the recital in the deed and show the true consideration? and, second, could the plaintiff show that the consideration had not been received, although the deed recited a receipt of the consideration? The court erred in excluding the proffered testimony. It will be noted that this action was for the purpose of recovering the purchase price of the lands sold and conveyed, and the rule seems to be well settled that parol evidence is competent to show a consideration different from or additional to that expressed on the face of the deed. In 17 Cyc., page 653, is is said:

"It is held by an uncounted multitude of authorities that the true consideration of a deed of conveyance may always be inquired into and shown by parol evidence, for the obvious reason that a change in or contradiction of the expressed consideration does not affect in any manner the covenants of the grantor or grantee and neither enlarges nor limits the grant."

In Perry et al. v. Jones, 48 Okla. 362, 150 Pac. 168, this court held:

"It was competent to show the real consideration, notwithstanding the express consideration in the deed."

Jones on Evidence, vol. 2, par. 469.

The second contention is, that evidence could not properly be received to show that the consideration had not been received by reason of the recital of the deed acknowledging receipt of such purchase consideration. The cases uniformly hold that, although a deed acknowledges the receipt of the consideration, parol evidence is admissible to show that it has not in fact been received, if the purpose of the party seeking to introduce the evidence is not to annul the deed as a conveyance. As was observed, this action is one for the recovery of the purchase price, there being no allegation or effort to invalidate or vacate the deed. The rule as announced in 17 Cyc., page 656, is as follows:

"A recital in a written instrument as to the payment of the consideration is merely in the nature of a receipt and may be contradicted unless such contradiction would have the effect of rendering nugatory some substantial and contractual provision of a valid written contract or undertaking, or in case of a conveyance where the grantor, or those claiming under him, attempts by contradicting the consideration clause to defeat the operation of the deed."

The text is supported by numerous authority.

In Devlin on Real Estate, vol. 2, par. 823, it is said:

"In an action for the consideration money expressed in a deed for lands sold, the clause acknowledging the receipt of a certain sum of money as the consideration of the conveyance or transfer is open to explanation by parol proof. The only effect of this consideration clause in a deed is to estop the grantor from alleging that the deed was executed without consideration. For every other purpose it is open to explanation, and may be varied by parol proof."

See Jost v. Wolk, 130 Wis. 37, 110 N. W. 232; Morton v. Morton, 82 Ark. 492, 102 S. W. 213; Brackett v. Boreing (Ky.) 89 S. W. 496; Chambers v. Chambers (Mo.) 127 S. W. 86.

It therefore follows that the trial court erred in excluding the testimony offered on behalf of plaintiff, and the judgment of the lower court is therefore reversed, and the cause remanded.

All the Justices concur.