Aaron Z. GIBSON et al., Plaintiff in Error,

v.

S. E. DUNHAM, d/b/a Independent Lumber Co., Defendant in Error.

No. 38073.

Supreme Court of Oklahoma.

Oct. 6, 1959.

Rehearing Denied and Opinion Corrected Nov. 24, 1959.

John L. Dunn and Robert N. Bachelder, Tulsa, for plaintiffs in error.

R. M. Cowen, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

Defendants below appeal from a judgment determining and foreclosing a materialman's lien. Parties are referred to as they appeared in the trial court.

Defendants entered into an oral contract with one Jarret Milam in March, 1956, for

a limited remodeling and an addition to their home. The terms were for a "turn-key" job at a price of $1,270. Plaintiff furnished, on orders of Milam or his employees, all of the materials used on this job. Milam, just before the work was completed, obtained a check from defendants for $1,000. This check was made payable to plaintiff at Milam's request. Plaintiff paid some $750 labor claims, and credited the balance of this check to Milam's account for the materials furnished. Milam did not return to complete the work. Plaintiff, without an agreement with defendants for any extra charges, furnished additional labor and a small amount of materials to complete the contract. The evidence shows that only approximately $50 worth of material was used after plaintiff took over completion of the work. Upon completion of the work defendants paid plaintiff $270, the balance of the contract price. Plaintiff filed a materialman's lien for $350, being the balance due for the materials furnished for the entire contract work.

Judgment of the trial court awarded plaintiff a lien for the balance due, and ordered foreclosure of such lien.

The trial court held that defendant's oral contract with Milam came within the statute of frauds (15 O.S.1951 § 136), and awarded plaintiff a lien for the balance due for materials furnished, which balance was in excess of the contract price.

■ Assuming, without deciding, that this statute does apply as plaintiff contends, it is well established in this jurisdiction that full or partial performance of the contract takes it out of the statute, rendering it enforceable. Ganas v. Tselos, 157 Okl. 107, 11 P.2d 751.

The evidence is uncontradicted that plaintiff was a sub-contractor. As such he was entitled to a lien as a sub-contractor for materials furnished to the contractor under the provisions of 42 O.S.1951 § 143.

■ It is also well settled that, under 42 O.S.1951 § 143, the property owner's obligation is limited to the price stipulated in the contract. See Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442.

■ Plaintiff admitted that the total contract price of $1,270 was paid by defendants. It is also conclusive that all of such payment was applied to bills of Milam for labor and material furnished on this job.

For reasons herein set forth, case is reversed and the trial court is directed to enter judgment for plaintiffs in error cancelling the lien asserted by defendant in error. If the plaintiff in error elects to claim an attorney's fee because of the lien which was unsuccessfully asserted, the trial court shall consider and allow attorney's fee in an amount that accords with the facts and law applicable thereto.

HALLEY, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.