Enola SHUMATE and Charles E. Grounds, Plaintiffs in Error,

v.

PRAGUE NATIONAL BANK, Prague, Oklahoma, Defendant in Error.

No. 39131.

Supreme Court of Oklahoma.

Sept. 26, 1961.

Rehearing Denied Nov. 7, 1961.

Application for Leave to File Second Petition for Rehearing Denied Jan. 16, 1962.

Clem Stephenson, Seminole, for plaintiffs in error.

Richard James, Stroud, for defendant in error.

BERRY, Justice.

The parties will be referred to herein by name or as they appeared in the trial court which is in reverse order to their appearance here.

On August 30, 1957, defendants executed a promissory note payable to plaintiff. The note was in the principal amount of $2,505.-96, which amount was payable $139.22 on the 15th of each month. The note provided for interest at 10 per cent per annum and further provided that "if any installment hereof shall become delinquent for a period of fifteen days after the same shall be due, the holder hereof shall become entitled to a 'late charge' of five cents (5 cts.) for each dollar so over due, for the purpose of defraying the expense of efforts to collect said delinquent installment." and that "In the event this Note is placed in the hands of an Attorney for collection, the parties hereto agree to pay in addition to the amount due hereon, the costs of any action thereon plus a reasonable attorney's fee." The note was secured by a chattel mortgage on a 1956 Oldsmobile automobile owned by Shumate.

Following defendants' failure to pay monthly installment due in July, 1958, plaintiff, on September 5, 1958, instituted an action in the Court of Common Pleas of Oklahoma County, Oklahoma, to recover $1,252.-98 as the balance due on the note, $500 as an attorney's fee and costs of the action. Plaintiff also sought to replevin the Oldsmobile automobile in order to foreclose its chattel mortgage thereon. The automobile was seized by the Sheriff of Oklahoma County under replevin process issued in said case.

Shortly after the automobile was seized, Grounds advised plaintiff that Shumate had reached an agreement with an Oldsmobile agency in Oklahoma City to purchase a new Oldsmobile; that said agency had agreed to pay plaintiff $1,252.98 upon delivery of the 1956 Oldsmobile to it, release of the chattel mortgage and dismissal of the pending action. The agency in fact delivered its check in the foregoing amount to plaintiff, which check was held for several days. During the time that plaintiff so held the check, Grounds and the attorney who was representing plaintiff in the action filed in the Court of Common Pleas had a telephone conversation. Plaintiff's attorney testified that he advised Grounds that plaintiff would not accept the check because an attorney's fee and costs were owing to plaintiff in addition to the amount of the check; that Grounds advised said attorney that if plaintiff would accept the check, dismiss the pending action and deliver the 1956 Oldsmobile to the agency, he would personally pay an attorney's fee of $350 and $20 as accrued court costs; that said offer was accepted and because of same the check was cashed, the pending action was dismissed and the 1956 Oldsmobile was delivered to the agency.

The attorney testified further that upon defendants' failing to pay the agreed attorney's fee or court costs, the instant action was instituted against defendants to recover $500 as an attorney's fee and $20 as court costs. As indicated, the action was based on the provisions of the note and not upon defendants' oral agreement to pay.

The case was tried to a jury. The jury returned a verdict for plaintiff and against the defendants in the amount of $300. Judgment in said amount was subsequently rendered against the defendants. From order of the trial court denying the joint motion of defendants for a new trial, defendants perfected this appeal.

In support of their joint petition in error, defendants present these contentions: (a) "Can a third party, although not a party to a contract, and not in privity with a debtor, discharge an obligation between two parties which one has against the other"; (b) "When a tender by a debtor accompanied by acts and declarations amounting to a condition that if the creditor takes it, he does so in full satisfaction of his demand, can he then accept part and decline part"; (c) "Where amount alleged to be due, is unliquidated and disputed, yet remittance to

creditors for lesser amount is accepted, such acceptance bars action to collect disputed amount"; (d) "Grounds, the surety, was not liable for an oral agreement to answer for the debt or default of the principal".

 There was competent evidence to the effect that plaintiff advised defendants that it would not accept the agency's check in satisfaction of defendants' indebtedness to it and that the check was accepted and cashed only after Grounds had agreed that an attorney's fee in the amount of $350 and accrued court costs in the amount of $20 would be paid. There was also competent evidence that it was understood and agreed between plaintiff and defendants that said check was in full payment of the amount owing plaintiff at the time the check was cashed. By its verdict the jury resolved this disputed question of fact in plaintiff's favor and it is not our privilege to disturb the judgment rendered on said verdict. This was said in the fifth paragraph of the syllabus to Atlas Life Insur. Co. v. Eastman, Okl., 320 P.2d 397, 399:

> "Where questions of fact are submitted to the jury under instructions fairly stating the law applicable to the facts, verdict and court's judgment thereon will not be disturbed on appeal."

Defendants do not here claim that the instructions given the jury failed to correctly state the law applicable to the issues presented by the pleadings and evidence.

In view of the fact that the jury in effect found that the $1,252.98 check was neither tendered nor accepted in full satisfaction of defendants' indebtedness to plaintiff, it is unnecessary to consider defendants' contention that under the facts of this case the check of the agency as a third party could have served to fully satisfy said indebtedness.

 As to defendants' contention to the effect that Grounds was a surety on the note; that his oral agreement to pay the attorney's fee and costs is unenforceable under the statute of frauds (15 O.S.1951,

§ 136), we point out that the instant action was not based on said promise and to the contrary was based on the written agreement of defendants to pay a reasonable attorney's fee and costs. Therefore, the statute of frauds is not applicable. Moreover, if the action had been based on the oral promise to pay attorney's fee and costs, performance on the part of plaintiff would have rendered said statute inapplicable. In the first paragraph of the syllabus to Gibson v. Dunham, Okl., 346 P.2d 327, we said that "Full or partial performance of an oral contract takes it out of the statute of frauds (15 O.S.1951, § 136), rendering it enforceable."

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY and IRWIN, JJ., concur.

WELCH and JACKSON, JJ., concur in results.