Virginia Hall KIRKPATRICK, Executrix of
the estate of Ben O. Kirkpatrick,
Plaintiff in Error,

v.

JACOBSON'S LIFETIME BUILDINGS,
INC., an Oklahoma Corporation, and
I. A. Jacobson, Defendants in Error.

No. 42496.

Supreme Court of Oklahoma.

April 7, 1970.

Gable, Gotwals, Hays, Rubin & Fox, by James M. Sturdivant, Tulsa, for plaintiff in error.

Covington, Gibbon & Poe, A. M. Covington, Tulsa, for defendants in error.

HODGES, Justice.

This is a declaratory judgment action to determine the ownership of 65 shares of common stock of Jacobson's Lifetime Buildings, Inc.

Plaintiff is the executrix of the Estate of Ben O. Kirkpatrick deceased, hereinafter referred to as Kirkpatrick. The stock certificate in controversy was found in the safety deposit box of the deceased and presented to the corporation for determination of its ownership. Mr. I. A. Jacobson, co-defendant, president and major stockholder, on behalf of the corporation, denied that the deceased was the owner of the 65 shares but contrariwise asserted that the corporation was the owner. The trial court found that the corporation was the owner of the stock. Plaintiff below occupies the same position on appeal.

Plaintiff introduced into evidence share certificate #8 for 65 shares of common stock in Jacobson's Lifetime Buildings, in the name of Ben O. Kirkpatrick, bearing date of July 1, 1948, signed by I. A. Jacobson as president and A. M. Covington as secretary. The matters of the death of the deceased, the plaintiff as executrix and the discovery of certificate #8 in the safety deposit box were testified to by plaintiff who then rested.

Defendants' evidence concerned the history of the corporation and the events surrounding the redemption and repurchase of certain shares from Ben O. Kirkpatrick.

Defendant related how the corporation was formed in 1946, and in 1948 became interested in a parcel of land in the Tulsa community. This land was to be used by the corporation for developing a subdivision of private residences. Mr. Kirkpatrick was instrumental in securing the land in question and in turn sold it to the corporation for cash and $5,000.00 in stock. He later purchased an additional $1500.00 in stock from Mr. Jacobson. The name of the corporation was changed and one new certificate was issued to Mr. Kirkpatrick to replace the two in the name of the old corporation. During this period Mr. Kirkpatrick approached Jacobson to have a home built in the new subdivision and agreed to pay the actual cost of construction of the home plus the value of the lot. The terms were cash plus the stock that Mr. Kirkpatrick owned in the amount of $6500.00. The home was completed and Mr. Kirkpatrick although requested to on many occasions neglected to turn in certificate No. 8 for 65 shares of stock. It appeared that he had misplaced or lost the certificate and was not concerned about it. Mr. Jacobson also was not concerned as he and Mr. Kirkpatrick had been long time friends and business acquaintances. The certificate was not located until after the death of Kirkpatrick. In addition, Mr. Kirkpatrick did not attend stock holders meetings following this transaction and no attempt was made to notify him of such meetings following this period.

■ Plaintiff's first proposition is that the evidence showed that the defendant corporation did not have any earned surplus during the time they claimed to have redeemed the stock in question for payment on the home. Plaintiff claims that under 18 O.S.1961, § 1.136 a corporation is limited in the purchase or redemption of its common stock out of its earned surplus. Plaintiff argues that since the defendant corporation had a deficit earned surplus they could not validly redeem their common

stock from Kirkpatrick. The fallacy of plaintiff's argument is that redemption of common stock is not completely limited to earned surplus. Subsection a(3) of the cited statute authorizes the purchase of stock out of *any* surplus in order to collect a debt or claim. Defendant corporation had a monetary claim against Kirkpatrick for construction of a home in the new subdivision. We find, as the trial court found, that cancellation of Kirkpatrick's stock on the defendant's books was in the nature of a settlement by the parties of a claim or indebtedness, and therefore was not prohibited by statute.

■ Plaintiff next contends that the evidence was insufficient to overcome her prima facie case as the possessor of stock certificate #8 as set out in the provisions of Title 18 O.S.1961, § 1.110(a). She asserts that the evidence is weak and cites authority that oral testimony made by deceased persons many years before is the weakest of all evidence. In this assertion plaintiff may be correct, however, there was additional evidence concerning the actions of the deceased other than his statements which bolster the case for the defendant. Plaintiff fails to consider the fact that there was evidence Kirkpatrick paid only about ⅔rds the price of the house, even after the value of the stock is applied to the purchase price. Additionally, Kirkpatrick did not attend stockholders meetings following the house transaction and did not treat the stock as his or in any way indicate or suggest to any person that he considered himself owner of the certificate during the next 13 years he lived. The court found that the prima facie case was rebutted and there was ample evidence to support its decision.

■ Plaintiff next cites Title 18 O.S. 1961, § 1.85 as the only method of transferring shares of stock. He further cites 18 O.S. § 1.105 as a method for replacement of lost or destroyed certificates, and that for a period of fifteen years the defendant did not avail itself of the provi-

sions of this statute. Plaintiff cites no cases for their proposition and there are no Oklahoma cases interpreting § 1.85 of Title 18. However, the rule is that the certificate is only evidence of ownership and true ownership may be proven regardless of possession of certificate. Davis v. Nat'l Bank of Tulsa, Okl., 353 P.2d 482; Whitehead v. Gormley, 116 Okl. 287, 245 P. 562. There was ample evidence of the true owner regardless of the possession of the stock certificate by plaintiff, or the method of transferring of the certificate.

■ The next proposition plaintiff asserts is that all of the oral negotiations merged into the deed that was given for the house Kirkpatrick purchased, and the trial court erred in allowing evidence of oral negotiations preceding the delivery of the deed. Plaintiff cites Title 15 O.S. 1961, § 137, which states, "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." We find no error. The evidence complained of was simply to explain the true consideration for the deed. The deed in question recited the consideration for its execution as "Ten Dollars and other valuable consideration". It is well established that parol evidence may be introduced to show the true consideration in a conveyance. Tayiah v. Bunnell, 77 Okl. 40, 186 P. 240.

■ Plaintiff next argues that the purchase was for more than $50.00 and therefore is within the statute of frauds, 15 O.S.1961, § 136. We do not agree. The contract has been performed fully on the part of the one against whom the statute is asserted. Full or partial performance of an oral contract takes it out of statute of frauds. Gibson v. Dunham, Okl., 346 P.2d 327; Shumate v. Prague National Bank, Okl., 367 P.2d 720. In addition, as plaintiff points out, the oral contract

merged into the deed or written contract, and as such, 15 O.S. § 136 does not apply.

Judgment affirmed.

All Justices concur.