Filed Nov. 18, 1890.

---

No. 14,541.

### DE HAVEN *v.* HELVIE, BY NEXT FRIEND.

SEDUCTION.—*Pleading.—Duplicity.*—A complaint in an action for seduction is not rendered double because, among other means employed, it is alleged that the defendant used force, threats, menaces and intimidation to accomplish his purpose.

SAME.—*Pecuniary Circumstances of Defendant.—Measure of Damages.—Instruction.—Evidence.*—In an action for seduction an instruction to the jury that in estimating the amount of damages to be awarded to the plaintiff they might consider the financial circumstances of the defendant is erroneous where there is no evidence before the jury on the subject.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins,* for appellant.

*J. C. Branyan, M. L. Spencer, W. A. Branyan, J. B. Kenner* and *J. I. Dille,* for appellee.

MITCHELL, J.—Suit by Martha J. Helvie against Samuel De Haven for seduction. It is charged in the complaint that the plaintiff was taken into the family of the defendant at the age of ten years, and became subject to the commands of the latter, and of his wife, both of whom exacted of her implicit obedience. It is also charged that when the plaintiff arrived at the age of sixteen the defendant, by force, threats,

menaces, intimidations, persuasions, caresses and flattering words, seduced, carnally knew and debauched .her, so that she became pregnant with child, to her great damage.

There was no error in refusing to require the plaintiff to separate her complaint into two paragraphs.   The complaint counts upon a single cause of action, viz., the seduction of the plaintiff.  It is not rendered double because, among other means employed, it is alleged that the defendant used force, threats, menaces and intimidation to accomplish his purpose. It is undoubtedly true if sexual intercourse is accomplished . by force alone, under circumstances which would constitute the offence rape, and not seduction, while a civil action to recover damages would lie, it could not with propriety be called an action for seduction.   *Hodges* v. *Bales*, 102 Ind. 494; *Breon* v. *Hinkle*, 14 Ore. 494.

There are, however, good authorities which hold that if the facts make a case of rape, an action for seduction may be maintained.   *Watson* v. *Watson*, 53 Mich. 168; *Kennedy* v. *Shea*, 110 Mass. 147 (14 Am. Rep. 584); *Lavery* v. *Crooke*, 52 Wis. 612 (38 Am. Rep. 768).

As a rule, however, the cases which support this view were actions by a father to recover damages for loss of services resulting from the seduction of his daughter.   In cases of that class it is usually held that an action for seduction will lie notwithstanding the victim was induced to yield through force.

Nor can we conceive of any reason why an action for seduction might not be maintained where peculiar relations of confidence or obedience were shown to exist, and the influence of that relation, with other acts and persuasions, was employed to control the will or induce the consent of one under the protection or peculiar influence of the seducer. *Watson* v. *Watson, supra.*

If in addition to flattery and persuasion the seducer employs force or threats, or exercises authority resulting from

the parental or other relation of authority, it is seduction nevertheless.

In one of the instructions the court told the jury, among other things, that in estimating the amount of damages to be awarded the plaintiff they might consider the financial circumstances of the defendant. This instruction was objected to, on the ground that there was no evidence before the jury upon the subject.

It is settled by the decisions of this court that evidence of the pecuniary condition of the defendant may be submitted to the jury in cases for seduction. *White* v. *Gregory, post,* p. 95.

It is error, however, to instruct a jury that the pecuniary condition or circumstances of a defendant may be considered when there is no evidence before the jury upon that subject. From what stand-point were the jury to consider the financial circumstances of the defendant? Certainly from no basis afforded by the evidence, because no proof on that subject was submitted. Were the jurors severally to appeal to their personal knowledge of, or information concerning, the defendant's pecuniary condition? This view is of course not to be tolerated.

Where it can be said that an instruction which is not applicable to any evidence in the case resulted in no prejudice to the appellant, a reversal will not follow, but where it appears that the verdict of the jury may have been predicated upon such an instruction, it would be manifestly error to allow the verdict to stand.

In the face of a verdict for $3,000 against the defendant we can not say that the instruction was a harmless error.

The judgment must be reversed, with costs.

Filed Nov. 18, 1890.