**DOERING, Plaintiff-Appellant, v. CLEVELAND (City),
Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22301.   Decided April 22, 1952.

Harrison, Thomas, Spangenburg & Hull, Cleveland, for plaintiff-appellant.

Robt. F. Monney, Richard C. Green, Cleveland, for defendant-appellee.

(FESS, PJ, CONN, J, SAVORD, J, of the 6th District sitting by designation in the 8th District.)

**OPINION**

By FESS, J:

Appeal on questions of law from a judgment entered upon a verdict for defendant.   Plaintiff brings her action against the defendant for damages alleged to have been sustained by her as a passenger upon a bus as a result of a sudden stop.   The principal items of negligence alleged are:

1. In causing the bus to be stopped in a sudden, unusual and violent manner, and

2. In failing to provide a safe seat or footrest therefor.

The answer was a general denial.

The principal assignment of error is that the court charged upon the subject of emergency. It is clearly prejudicial error for the court to inject into a case an issue or question not raised by the pleadings or the evidence, if it would tend to confuse the questions properly in the case and mislead the jury to the prejudice of the appellant. Cf. 2 **O. Jur., p. 1450.**

The defense of emergency was not raised by the pleadings nor by the evidence. There is no evidence in the record to support an inference that the driver of defendant's bus was confronted by a sudden emergency and the inclusion of the subject in the charge was therefore prejudicial to the plaintiff. Cf. **Nardi v. Reliable Trucking Co., 85 Oh Ap 122.** Defendant asserts that the error was invited. It appears from the record that when the court had substantially completed his general charge, the following transpired:

"The Court: Anything further from counsel for plaintiff?

"Mr. Harrison: (Plaintiff's counsel) Just one point. Your Honor. (Consultation had between court and counsel not within hearing of jury)

"The Court: It has been called to my attention, and properly so, that I should say something to you further about the sudden and violent stop as claimed by plaintiff."

The court then proceeded at some length to discuss the subject of emergency. It is hardly conceivable that counsel for plaintiff would have requested the charge, since it obviously was a matter of interest to the defense. Furthermore, the record discloses a specific exception at the close of the general charge of plaintiff to any charge on the doctrine of emergency.

Upon preponderance of the evidence, the court said:

"Before the plaintiff may recover in this action, she must prove to you by a preponderance of the evidence one or more of the essential and material allegations in her petition.

"And by a preponderance of the evidence we mean the greater weight of the evidence, or that evidence which appeals more strongly to your minds than the evidence offered by the defendant to the contrary.

"Preponderance of the evidence does not necessarily mean the greater number of the witnesses. It simply means the greater weight of the testimony."

The second paragraph of the quoted portion is erroneous. It is well settled that an instruction which improperly places the burden of proof or erroneously defines preponderance of the evidence is prejudicial.

Klunk v. Hocking Valley Ry., 74 Oh St 125; Baltimore & Ohio Rd. v. Linn, 77 Oh St 615; Cincinn. H & D Ry. v. Frye, 80 Oh St 289; Montanari v. Haworth, 108 Oh St 8, 14; Tresise v. Ashdown, 113 Oh St 307; Cowley v. Bolander, 120 Oh St 553; Cleveland Ry. Co. v. Goldman, 122 Oh St 73; Indus. Comm. v. Weaver, 127 Oh St 18; Indus. Comm. v. Ripke, 129 Oh St 649; Krueger v. Frazier, 31 Oh Ap 28; Aarons v. Levy Bros., 44 Oh Ap 488; Cin. Gas & Elec. v. Coffelder, 11 C. C. n. s. 289.

The giving of the erroneous instruction in the general charge was not cured by the giving of plaintiff's special request No. 1. Indus. Comm. v. Ripke, supra; Cleve. Ry. Co. v. Goldman, supra; Bosjnak v. Superior Steel Co., 145 Oh St 538; Westropp v. Scripps Co., 148 Oh St 365 (1).

"1. It may be observed, however, that the last paragraph of the plaintiff's charge No. 1 is prejudicial to the defendant and the charge should have been refused."

Complaint is also made with respect to the giving of the defendant's request to charge:

"I charge you as a matter of law until proven to the contrary by the greater weight of the evidence that the defendant is presumed to be free from negligence, so that in the event you find an accident occurred to the plaintiff on a bus operated by the defendant, you must not assume that the defendant was negligent simply because such accident occurred."

The standard charge on the subject frequently employed is as follows:

"Negligence is never presumed, but the presumption of law is that every one discharges the duties which the law imposes. In other words, the law assumes that every one does what, in law, he should do. Because of this presumption, the burden of proving the truth of the alleged facts whereby one charges another with liability for negligence is upon the one making the claim. In this case, therefore, the burden rests upon the plaintiff to prove by a preponderance of the evidence that the defendant was negligent as he charges in his petition; and if, under the law and the evidence, you find the defendant was negligent, then in addition thereto the plaintiff must prove by a preponderance of the evidence that such negligence was the proximate cause of the injury or damages plaintiff sustained. The fact of the happening of the occurrence in question raises no presumption of negligence nor does the fact that plaintiff was injured raise any presumption that either the plaintiff or the defendant was negligent at the time and place in question. What the plaintiff affirmatively alleges, unless admitted by the defendant, the plaintiff must prove by a preponderance of the evidence."

The Supreme Court has recently defined a presumption of law as follows:

"A presumption of law is equivalent to a substantive rule of law to the effect that a particular fact must be assumed when another particular fact or group of facts exist, unless and until the assumed fact is rebutted by substantial evidence."

**Shepard v. Midland Mutual Life Ins. Co., 152 Oh St 6; Eggers v. Industrial Comm., 157 Oh St 70, 80.** In the Eggers case the court also said:

"In the instant case it can be said with certainty that no facts were proven which would compel a court or jury to determine that Eggers' death resulted from an injury which arose out of his employment. As distinguished from a 'presumption' in the strict sense, an 'inference' may be defined as a conclusion which the court or jury may reach from facts or circumstances which are proved but which conclusion is not mandatory. In such case the facts or circumstances so proved are competent evidence to be considered and on which a conclusion may but need not necessarily be reached.

"A study of the cases where the so-called rule of 'presumption' has been applied convinces us that the courts have applied what could more properly be termed a rule of 'inference' than of 'presumption.'"

The presumption of freedom from negligence is in a somewhat intermediate category between a presumption of law and an inference, which for want of a better definition may be termed a presumption of fact which may be overcome by some, but not substantial evidence. We do not regard the statement from Wigmore, Sec. 2491, and the language of Judge Hart in Shepard v. Insurance Co., supra, p. 25, to mean that in the event there is some evidence tending to show negligence that the court should make no reference in his charge to the presumption of freedom from negligence. Such philosophical niceties display scholarly erudition but have questionable practical value in the trial of a law suit. After all, the presumption of freedom from negligence is a fundamental principle long recognized and should not be ignored. Nor do we agree with the conclusion in **Wold v. Hawk, 63 Oh Ap 122,** that the presumption of freedom of negligence, being one of law, is for the court only, and a charge as to the presumption should not be given in the face of evidence of probative value upon the issue of negligence. If there is no evidence of negligence, the plaintiff fails, regardless of the presumption. If there is some evidence of negligence, the defendant is ordinarily entitled to an appropriate reference to the presumption of freedom from negligence.

We therefore conclude that the charge as given, although awkward was not prejudicial to the plaintiff. Other errors assigned are not well taken or are found non-prejudicial.

For the errors in the charge, the judgment is reversed and the cause is remanded for a new trial. Exc. Order see journal.

CONN and SAVORD, JJ, concur.