## OVERSTREET v. BUSH.

No. 35250.  April 21, 1953.

*256 P. 2d 416.*

Dudley, Duvall & Dudley, Oklahoma City, and Carder & Carder, Hobart, for plaintiff in error.

R. Place Montgomery, Hobart, and John Allen Phillips, II, Durant, for defendant in error.

JOHNSON, V.C.J.  This cause stems from an action for damages for wrongful death in which the jury rendered a verdict in favor of the defendant. The court sustained plaintiff's motion for a new trial upon the ground that certain instructions to the jury were erroneous resulting in this appeal. The pertinent part of the three assignments of error interposed by defendant are as follows:

"(1) The court erred in failing, neglecting and refusing to render judgment upon and in accordance with the verdict of the jury, to which exceptions were duly preserved.

"(2) The court erred in sustaining the motion for a new trial, to which defendant duly preserved exceptions.

"(3) The court erred in granting to plaintiff a new trial, to which defendant duly preserved exceptions."

It is conceded by defendant that generally the trial judge has power and authority to grant a new trial if he is not satisfied with the judgment as rendered, but it is urged that the court expressed no dissatisfaction or disapproval of the the action of the jury. That upon timely request by defendant, and after argument of counsel, he stated that he would sustain the second objection in the motion for new trial, and so ordered. The second objection in the motion for a new trial provided:

"Second: Error of the court in having given instructions Nos. 5, 10, 11 and 12 to the jury, to which exceptions were taken by the plaintiff and allowed by the court at the time of the trial."

We will confine our review to the reason assigned by the trial court for granting plaintiff a new trial. McGlone v. Landreth, 200 Okla. 425, 195 P. 2d 268.

Defendant argues that the instructions as given by the court were correct, citing Browne v. Bassett, 191 Okla. 22, 126 P. 2d 705, wherein the court gave an instruction on unavoidable accident and thereafter granted a new trial to plaintiff on the stated theory that the instruction was erroneous, and we reversed the order granting a new trial and remanded the case with instructions to enter judgment in favor of the defendant, holding that where it appears that an instruction is correct and properly given, the action of the court in granting a new trial presents error as a pure and unmixed question of law.

It is elementary that instructions must be confined to the issues raised in the pleadings, and supported by evidence; if otherwise, any instruction so given is erroneous, and constitutes error, and granting a new trial by trial judge under such circumstances is not error.

The instructions as given, and considered as erroneous by the trial court, instructed the jury as to contributory negligence of deceased, lack of evidence of excessive speed of defendant's vehicle, defenses of sudden emergency and unavoidable accident.

While instruction No. 2 instructed the jury that there was no proof to show acts of negligence on the part of the deceased contributing to the accident, yet instruction No. 5, instructing the jury that when a person is injured and the injury is the direct and proximate result of the negligence of another, the person whose negligence caused the injury will be liable in damages for such injury, unless the injured person is guilty of contributory negligence, is, if not erroneous, at least confusing. But a more serious error was committed when instruction No. 12 was given instructing the jury:

"that the driver of a motor vehicle confronted with a sudden peril or emergency, not arising from any fault of his own is not required to exercise the same judgment and care as is required of one acting under normal conditions. The test to be applied in that situation is whether or not the person in such a position of great mental stress or sudden emergency did or attempted to do what a reasonably prudent person would have done under the same or similar circumstances. If, therefore, you find from the evidence in this case that the defendant, without fault of his own, was placed in a position of great mental stress or sudden emergency, and while in such position he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances, then the defendant was not negligent."

The submission of this instruction was error and justified the trial court in granting a new trial because the defense of sudden emergency was neither pleaded nor proven. In Yellow Taxi & Baggage Co. v. Alsup, 175 Okla. 332, 52 P. 2d 724, in the second paragraph of the syllabus, we said:

"The defense that the driver of a vehicle acted according to his best judgment in a sudden emergency and is not liable although he did not act in the most judicious manner is not available unless affirmatively pleaded."

The holding in Safe-Way Cab Service Co. v. Gadberry, 180 Okla. 51, 67 P. 2d 434, is to the same effect.

Other errors suggested by plaintiff in error and defendant in error will not be considered as a new trial must be granted and such other errors as may have occurred may not reoccur on retrial of the cause.

The order of the trial court granting a new trial is sustained.

HALLEY, C.J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.