STEVENS, APPELLANT, *v.* CHESAPEAKE & OHIO RY. CO., APPELLEE.[*]

(No. 6533—Decided August 1, 1961.)

*Messrs. Herbert, Tuttle, Applegate & Britt,* for appellant.
*Messrs. Wilson & Rector* and *Mr. Harrison Smith, Jr.,* for appellee.

DUFFY, J. This is an appeal from a judgment on a verdict for the defendant rendered in the Court of Common Pleas. The assignments of error, made by the plaintiff-appellant, are as follows:

1. The court erred in its charge to the jury by incorrectly defining the degree of evidence or proof required of the plaintiff-appellant to establish negligence on the part of the defendant.

2. The court erred in its charge to the jury by introducing a false or foreign issue—to wit: contributory negligence, there

---

[*]Motion to certify record overruled, December 6, 1961.

being no evidence whatsoever warranting the submission of this issue to the jury.

3. The court erred in its charge to the jury upon the matter of presumptions.

4. The verdict of the jury was against the manifest weight of the evidence.

As to assignments of error Nos. 2 and 4, this court is of the opinion that they should be overruled.

As to assignment of error No. 1, the plaintiff claims that the trial court in its general charge used words which placed a far greater burden on the plaintiff than that which the law provides. The parties are agreed that in this case the burden of proof was upon the plaintiff to prove by a preponderance of the evidence the allegations of negligence made against the defendant. Plaintiff objected to the use of certain phrases by the trial court in its general charge, and quotes the following:

"At pages 356 and 357 of the record the following appears from the charge of the court to the jury:

" 'If, after considering *all of the evidence*, the question whether or not the defendant or its employees other than plaintiff were negligent in failing to use reasonable care to provide plaintiff with a safe place to work is so evenly balanced in your mind *that you have no conviction, then you must find for the defendant*. It is plaintiff's burden *to convince you by the preponderance that there was this negligence*. Also if the question whether or not such negligence was a factor in causing the injury is so evenly balanced in your mind *that you have no conviction*, then you must find again for the defendant.'

"Further on page 357 of the court's charge is this language:

" 'If there is a *just doubt in your mind*, as I have described preponderance of the evidence to you, you must bring in a verdict for the defendant, and that ends the case as far as your consideration goes and you need go no further. But, on the other hand, *if you are so convinced by a preponderance of the evidence* that the defendant or its employees other than the plaintiff was negligent and that this negligence was a factor in causing the injury, then you must find and return a verdict for the plaintiff, *subject only to the matter of contributory negligence about which I have spoken.*' " (Emphasis added.)

We also note that the judge charged: "If, however, proximate cause is established to your satisfaction by a preponderance of the evidence, you will then determine whether plaintiff was contributorily negligent."

Although the judge's charge does contain the usual instruction as to preponderance of the evidence, we are inclined to believe that the use of the words or phrases, "just doubt," "convince," "convinced," "conviction," and "established to your satisfaction" detracts from the usual charge and makes for confusion as to the degree of proof necessary in this case. Preponderance refers to the weight, credit and value of the aggregate evidence, on either side. Such evidence must be sufficient to overcome opposing presumptions as well as opposing evidence, but it does not mean that the parties have the burden of convincing and satisfying the jury, nor is the jury required to have a "conviction," as juries in civil cases deal only in probabilities and proof is not required to be beyond a reasonable doubt.

As to assignment of error No. 3, the plaintiff says that the trial court included in its charge, the following:

"I charge you that there is a legal presumption that the defendant was not negligent, as well as a presumption that the plaintiff was not contributorily negligent, and that what happened to the plaintiff was an unavoidable accident."

The plaintiff complains also that the trial court included in its charge:

"You should also bear in mind that the Federal Employers' Liability Act does not impose liability without fault, and there is therefore no liability on the part of the defendant railway company under that act for injuries suffered here by the plaintiff or in other similar cases, as the result of a pure accident which defendant did not know of, and in the exercise of due care could not reasonably have foreseen."

While we recognize that reported cases refer to a presumption that the defendant is free from negligence, it does not follow that the law presumes that any injury to the plaintiff was the result of an unavoidable accident, and such a charge serves no useful purpose and is misleading and confusing and should not have been given.

For a discussion of the presumption of freedom from neg-

ligence on the part of the defendant, see *Doering* v. *Cleveland*, 65 Ohio Law Abs., 257.

We are of the opinion that assigned errors Nos. 1 and 3 are well taken and should be sustained, and the judgment should be reversed and the cause remanded for a new trial.

The defendant has also made assignments of error which it asked this court to pass upon if we determined to reverse the judgment of the trial court. Having concluded that the judgment should be reversed, we have considered defendant's assignments of error, which are as follows:

"A. The Court of Common Pleas of Franklin County committed prejudicial error in overruling the motion of the defendant-appellee for a directed verdict in favor of said defendant-appellee upon the first cause of action, said motion being made at the conclusion of all the evidence.

"B. The Court of Common Pleas of Franklin County committed prejudicial error in overruling the motion of the defendant-appellee for a directed verdict in favor of said defendant-appellee upon the second cause of action, said motion being made at the conclusion of all the evidence."

We have concluded that they are not well taken and should be overruled.

The judgment of the trial court is reversed and the cause remanded for a new trial.

*Judgment reversed.*

DUFFEY, P. J., and BRYANT, J., concur.