Larry BERNARDY, Plaintiff in Error,

v.

O. K. FURNITURE AND RUG COMPANY, a Corporation, Defendant in Error.

No. 40171.

Supreme Court of Oklahoma.

Sept. 24, 1963.

Rehearing Denied Oct. 22, 1963.

Lampkin, Wolfe & Blankenship, Jerry D. Sokolosky, Oklahoma City, for plaintiff in error.

Fred M. Mock, Robert S. Baker, Oklahoma City, for defendant in error.

IRWIN, Justice.

Larry Bernardy, hereinafter referred to as plaintiff, brought an action against O. K. Furniture and Rug Company, a corporation, to recover damages for personal injuries allegedly sustained in an automobile accident involving four automobiles. The jury returned a general verdict in favor of defendant and plaintiff appealed from the order overruling his motion for a new trial.

## FACTS

Plaintiff was driving south on Hudson Avenue, a one-way street in Oklahoma City; traffic was heavy; it had been snowing and the streets were icy and snowy; plaintiff stopped his car behind other stopped cars between 6th and 7th street on Hudson Avenue and waited for the traffic lights to change; a car driven by a Mrs. Shipley stopped immediately behind plaintiff's car; while the cars were stopped, a pick-up truck, being operated by defendant's employee, rammed into the Shipley car from the rear and the Shipley car was rammed into the back of plaintiff's car; a fourth car rammed into defendant's pick-up.

The operator of defendant's pick-up became ill and did not testify but a part of his deposition was introduced into evidence, which contained the following:

"Q. Somebody hit you?

"A. Oh yeah. A fellow hit me and knocked me into her.

"Q. Was that after you hit the lady in front of you?

"A. Yes, I had already slid into her. About the time I slid into her, here comes a fellow and slid into me and I hit her again."

The lady referred to in the deposition was Mrs. Shipley who was driving the car that was caused to be rammed into the back of plaintiff's car.

During the course of the trial, defendant offered, and there was admitted into evidence, motion pictures of the plaintiff, which were taken after the action was filed. The motion pictures showed plaintiff changing a flat tire and carrying the flat tire into a repair shop. The motion pictures also depicted liquor signs a number of times.

Defendant offered evidence that plaintiff sustained no injuries as a result of the accident and the evidence in this regard was in conflict.

## PROPOSITION I

Plaintiff contends the trial court erred in admitting the motion pictures.

In this connection it is urged that the flat tire was set up by the investigator hired by defendant and the pictures were illegally obtained and in violation of plaintiff's constitutional rights concerning unreasonable search and seizure; and that the showing of the liquor signs influenced and prejudiced the jury against the plaintiff and prevented him from having a fair trial.

Although the plaintiff was under the surveillance by defendant's investigator who took the motion pictures, there is no evidence whatsoever that he was instrumental in or had anything to do with causing the flat on plaintiff's car. In Hayward v. Ginn, Okl., 306 P.2d 320, we held:

> "Moving picture photographs, where proven to be a true and correct representation of whatever they purport to reproduce, are admissible in evidence."

Defendant made the necessary proof that the motion pictures were true and correct representations of the facts they purported to reproduce. Therefore, the motion pictures were admissible.

We can not sustain plaintiff's proposal that he was prejudiced because the pic-

Page number top right 911

tures depicted liquor signs. Plaintiff testi-fied that he was a wholesale liquor salesman and that it was necessary to call upon liquor stores to get orders. He was engaged in a legitimate business and we can not conclude that his rights were prejudiced because the motion pictures depicted liquor signs.

## PROPOSITION II

Plaintiff contends the trial court erred in instructing the jury on sudden emergency.

We agree with this contention be-cause the evidence does not support an in-struction on sudden emergency. However, the giving of such instruction does not nec-essarily constitute reversible error. Title 12 O.S.1961 § 78, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The verdict of the jury was general in form and we can not determine whether the jury denied recovery because the defendant failed to prove damages or denied recovery because the defendant was not liable under the facts.

In considering the entire record we can only conclude and hold that the sub-stantial rights of the plaintiff were not prej-udiced by the sudden emergency instruction. To hold otherwise would be tantamount to ruling that the giving of an instruction on sudden emergency, unsupported by the evi-dence, is as a matter of law, reversible error, which would be contrary to Title 12 O.S.1961 § 78.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.

JACKSON, J., dissents.