BAKER, B/N/F BAKER *v.* MASON.

[No. 20,617. Filed March 8, 1968. Rehearing denied
May 2, 1968. Transfer denied June 17, 1968.]

*Hall, Frazier & Crokin,* and *Paul H. Frazier,* of Indianapolis, for appellant.

*Rocap, Rocap, Reese & Robb,* and *John A. Young,* of Indianapolis, for appellee.

SMITH, J.—This action is brought by the plaintiff-appellant, Roderick Baker, by his father and next friend, Robert W. Baker, against the defendant-appellee, Diane Mason, to recover damages for personal injuries sustained by the appellant when he was struck by the appellee's car in the 2800 block of Sherman Drive in Indianapolis, Indiana, on March 31, 1961, at approximately 2:15 P.M.

The pertinent facts are that the appellant, a boy four years of age, was playing near Sherman Drive. The appellant ran into the street somewhere near the intersection of 28th Street and Sherman Drive and was struck by the appellee's car. It was raining and the appellee was traveling at a speed of approximately 25 miles per hour. The appellee stopped immediately. The record discloses that the appellee saw the appellant playing near the street when she was approximately one block away, but did not see the appellant enter the street at the time of the accident. She heard a "thud," stopped, and then saw the appellant lying in the center of Sherman Drive.

Trial was had by jury, which returned a verdict for the defendant-appellee, and judgment was entered in accordance with the general verdict. The appellant filed a motion for a new trial, which was overruled. The overruling of such motion is now assigned as error by the appellant and forms the basis of this appeal.

The appellant maintains that the appellee was negligent in failing to keep a proper lookout, and in failing to slow down when she first saw the appellant because the operator of a motor vehicle is bound to anticipate the presence of children in the street and has a duty to exercise reasonable care in looking out for them. The appellant cited in support of his position the case of *Mays* v. *Welsh* (1941), 32 N. E. 2d 701, 218 Ind. 356.

The appellant claims that the most serious error committed by the trial court was the giving of appellee's Instruction

No. 6 pertaining to the "sudden peril" doctrine. The appellant argues that the evidence shows that the appellee first saw the appellant when she was a block away, but did not see him at any time immediately prior to the accident. Thus, the appellee was not even aware that an emergency existed until after the impact.

Instruction No. 6 reads as follows:

"You are instructed that where a person is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, she is not held to the same accuracy of judgment as would be required of her if she had time for deliberation. Accordingly, if she exercises such care as an ordinarily prudent person would exercise when confronted by a like emergency, she is not liable for an injury which resulted from her conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the injury.

"So, in this case if you find that the defendant, Diane Mason, was faced or confronted with a sudden emergency, not of her own doing and that thereafter the said Diane Mason pursued a course of conduct that an ordinarily reasonable prudent person would pursue or follow when confronted by the same emergency, and the collision resulted therefrom, then the defendant, Diane Mason, would not be liable to plaintiff, even though you believe that another course of action or conduct than what the defendant pursued when confronted with the said sudden emergency would have been more judicious, safer or might even have avoided the accident."

The appellant maintains that the whole doctrine of sudden peril has to do with the judgment one exercises in an emergency, and if one is unaware of such emergency and exercises no judgment, there is no room for the application of the doctrine. 21 I.L.E., *Negligence,* Sec. 8, Page 272, and cases cited therein.

Appellant also argues that the court erred in refusing to give appellant's Instruction No. 18:

"If you find by a fair preponderance of the evidence that the Defendant knew of the presence of Roderick along the

street where this accident happened, then I instruct you that the law recognizes that the Defendant should have exercised a degree of care commensurate with the propensities of children and should have used due care to avoid causing them injury."

And appellant maintains that he was prejudiced by the giving of appellee's Instruction No. 27:

"If you find that plaintiff suddenly and without warning ran from the sidewalk into the traveled part of Sherman Drive and into defendant's automobile, and the defendant did not see or know of the presence of plaintiff at said point and could not have seen or known of his presence at said point in the exercise of ordinary care in sufficient time to have avoided said plaintiff's injuries in the exercise of ordinary care, then your verdict should be for the defendant."

Appellant specifically objected to the giving of said instruction as follows:

"The plaintiff objects to the giving of defendant's tendered instruction No. 27 because it refers to the defendant's not seeing or knowing of the presence of the plaintiff at the point whereas, in fact, the defendant's own testimony is that she had seen the plaintiff and knew of his presence."

We are of the opinion that the trial court committed no reversible error in refusing to give appellant's tendered instruction number 18 because its subject matter was covered by the trail court's instruction number 5, appellant's instructions numbers 3 and 8 and appellee's instructions numbers 7 and 33.

The appellant's objection to the giving of the appellee's instruction number 27 is not supported by the record evidence in this cause. The instruction states in substance that if the appellee, through the use of ordinary care, did not and could not have seen or known of the presence of the appellant in time to avoid striking him, then the verdict should be for the appellee.

318

The appellant argues that the appellee's own testimony is that she had seen the appellant and knew of his presence. However, this sight and knowledge occurred when the ■ appellee was at least a block away from the scene of the accident, and the evidence is clear that at the time of injury the appellee did not see or know of the presence of the appellant. We are reluctant to impose an absolute duty upon today's city drivers to keep looking toward the sidewalk for the purpose of seeing a child or other pedestrian. The imposition of such a duty would certainly create a hazardous situation in view of the heavy flow of traffic upon nearly all major city streets.

We are also of the opinion that appellee's instruction number 6, as set forth above, was proper and applicable to the evidence. It was supported by legitimate inferences as well as direct and circumstantial evidence. *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 190, 122 N. E. 2d 345, 350; *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 297, 183 N. E. 2d 815, 819.

The evidence most favorable to the appellee showed that the appellee was operating her automobile in a northerly direction on Sherman Avenue; and, when she was approximately at a point opposite to the north end of a building located at the northeast corner of Sherman Avenue and 28th Street, she felt a thump on her car and immediately came to a stop at a distance of ten to thirty feet. When the car stopped it was facing northeast toward the east curb of Sherman Avenue. Appellant was beside the car opposite the left door out of which appellee alighted to the street.

From this direct evidence the jury could well infer that the appellee acted simultaneously with hearing the thump and turned her car from the northerly to the northeasterly direction in an effort to avoid appellant. In addition to this evidence, there was undisputed evidence that the appellant ran into the street between the two automobiles parked at the

east curb of Sherman Avenue, from which it could legitimately be inferred that he ran in front of the appellee's approaching automobile. The appellant's father testified that his son "ran into the street after a dog." One of the city policemen testified that the appellant "ran into the street from between the parked cars in the middle of the block." The appellant claims that the appellee did not slow the speed of her car leaving 28th Street and Sherman Avenue; but to the contrary the evidence discloses that she did slow down. Mr. Frazier, the appellant's attorney, asked Mrs. Mason if she "believed she slowed down," to which she answered, "I would think possibly I did."

We conclude that from these circumstances and the legitimate and reasonable inferences drawn therefrom there was sufficient evidence to support instruction number 6. See, *Schlarb* v. *Henderson* (1936), 211 Ind. 1, 4 N. E. 2d 205, 208.

This cause was fairly tried and a just verdict obtained without the commission of reversible error on the part of the trial court. The decision must therefore stand and the judgment be affirmed.

Judgment affirmed.

Cook, P. J., Bierly and Pfaff, JJ., concur.

Note.—Reported in 234 N. E. 2d 665.