**Bill BROWN, Plaintiff-in-Error,**

v.

**Ruth BROWN, Defendant-in-Error.**

**No. 42234.**

Court of Appeals of Oklahoma, Division No. 90.

Oct. 30, 1968.

Rehearing Denied Nov. 20, 1969.

Certiorari Denied Dec. 23, 1969.

Fite, Robinson & Summers, Muskogee, for plaintiff-in-error.

Jack E. Rider, Stilwell, for defendant-in-error.

MILLS, Judge.

Plaintiff-in-Error, defendant in the trial Court, was sued by his wife, plaintiff in the trial Court, for damages for personal injuries sustained by her while riding as a guest in a truck, being operated by defendant in an alleged negligent manner. The parties will be referred to as they were in the trial Court. The case was tried to a jury, a verdict returned in favor of plaintiff, from which this appeal has been taken.

The first error alleged is that the trial Court lost jurisdiction when the plaintiff failed to file her amended petition within the time allowed by the Court. A demurrer was sustained to the petition, and the Court granted plaintiff leave to file an amended petition and did not dismiss the petition. The sustaining of a demurrer to a petition, where leave is granted plaintiff to file an amended petition, is not a final order, and an amended petition may be filed thereafter by leave of Court. First State Bank of Blanchard v. Harmon (1920) 80 Okl. 80, 196 P. 125.

The next error alleged is that the action was barred by the Statute of Limitations; the accident occurred July 25, 1962, and the action was filed July 24, 1964, and service of summons made. The applicable Statute of Limitations is two years from the date of the accident, 12 O.S.1961, sec. 95(3). On November 2, 1964, the Court sustained a general demurrer to the petition which alleged, in substance: that defendant driver failed to keep a proper look out, did not have the

truck under proper control, drove a truck that had a defective steering gear on it, and drove it off the highway and over an embankment, injuring Plaintiff. Plaintiff was granted ten days to file an amended petition. An amended petition was filed December 1, 1964. It alleged the matters set out in the original Petition, and in addition, that the highway was wet from rainfall, that Defendant did not have the truck under proper control, and that Defendant drove a truck which by reason of want of care had a defective steering gear.

Defendant filed special pleas and demurrers to this amended petition stating, among other contentions, that the Court was without authority to allow the filing of an amended petition after the time prescribed in the Statute had passed. Our Statutes 12 O.S.1961, secs. 317 and 318, declare otherwise, and as our Court has held many times where, as here, there was no substantial change in the cause of action. See St. Paul Fire and Marine Ins. Co. v. Spann, Okl., 355 P.2d 567; Schlender v. Andy Jansen Co., Okl., 380 P.2d 523, 17 A.L.R.3d 412.

■ Defendant alleges that the Court erred in overruling Defendant's demurrer to the evidence and motion for a directed verdict. Plaintiff testified that prior to the accident it was drizzling rain. The highway was slick, that Defendant was driving recklessly under the weather conditions, that she asked him to slow down, as he was driving too fast. Defendant admitted, on the witness stand, that when he had the difficulty, he should have put on his brakes, which he did not do. There was positive evidence of negligence that proximately caused the accident and injuries to the Plaintiff. There was no error in overruling the demurrer to the evidence and motion for a directed verdict. Bates v. Utech, Okl., 441 P.2d 952. That there was a conflict in the evidence was a question to be decided by the jury. Haynie v. Haynie, Okl., 426 P.2d 717.

■ Defendant alleges that the Court erred in failing to instruct the jury as to

sudden emergency. No requested instructions were submitted to the Court and no exceptions were taken to the instructions given. The Court did instruct the jury that if they should find that the accident was caused from a defective steering mechanism on the truck they should find for the defendant. All issues were fully covered in the Court's instructions. This allegation of error is without merit. Overstreet v. Bush, (1953), 208 Okl. 365, 256 P.2d 416.

■ Defendant says that the Court erred in admitting in evidence the deposition of a doctor. This deposition consisting of twenty-three typed pages, was taken in Muskogee on May 16, 1966. Lawyers for both parties were present at the taking and examined the witness. The trial began at Stilwell, May 18, 1966, both sides having announced ready for trial. The deposition was filed that day during the trial. Defendant's Attorney, who had been present at the taking, orally objected to the filing and the reading of the deposition, because it had not been filed until then. The stipulation of the Attorneys made at the time of the taking of the deposition, among other provisions, provides: "That the statutory time for filing of said deposition is hereby waived". The statute 12 O.S.1961, sec. 448, provides that a deposition to be used must be filed at least one day before the day of trial. The statute 12 O.S.1961, sec. 450, also provides that exceptions to depositions as a whole shall be in writing, etc. The case of Wichita Falls & N. W. Ry. Co. v. Davern (1918) 74 Okl. 151, 177 P. 909, holds that the making of an oral objections, at the trial, to the introduction of the deposition without asking for additional time to file objections was properly overruled. But in addition to this the parties were present by their attorney at the taking and specifically waived the time for filing. General Explosives Co. v. Wilcox (1928) 131 Okl. 190, 268 P. 266.

The trial Court properly overruled the motion for a new trial. Bennett v. Hall, (1967), Okl., 431 P.2d 339.

The learned trial Judge, Judge Carroll, was obliged to exercise exceptional patience in this trial because of the excessive arguments of trial counsel. He did so fairly and imperturbably. Both sides had a fair trial.

Judgment affirmed.

BERRY, P. J., and HARRIS, J., concur.