### BAKER v. MASON

[No. 20617. Filed December 18, 1968.]

Paul H. Frazier, of Indianapolis, for appellant.

John A. Young, Rocap, Rocap, Reese & Young, of Indianapolis, for appellee.

### ON REHEARING OF PETITION TO TRANSFER

HUNTER, J.—This is an action brought for the appellant by his father and next friend against appellee to recover damages for personal injuries and is based on the alleged negligence of the appellee in the operation of her automobile in an accident which occurred in Indianapolis on March 31, 1961.

The appellant, who was three years old at the time of the accident, was playing near the intersection of 28th Street and Sherman Drive. The appellee was driving north on Sherman Drive and testified that *she first saw the appellant playing near the street when she was approximately one block away. She did not see the appellant again until after she had heard a "thud" and had stopped her automobile.* Appellant was then lying in the center of Sherman Drive having been seriously injured by the impact with appellee's car.

The appellant in his complaint alleged that the appellee was negligent in failing to keep a proper lookout, in failing to have her vehicle under control, and in travelling at an excessive rate of speed. The jury returned a verdict for the defendant-appellee, judgment was entered accordingly, and the appellant's motion for a new trial was overruled. The judgment for the appellee was affirmed by the Appellate Court, *Baker* v. *Mason* (1968), 142 Ind. App. 314, 234 N. E. 2d 665, and a rehearing on that appeal was denied. The appellant then petitioned this Court to take the case on transfer from the Appellate Court. The petition for transfer was denied, and the appellant petitioned for a rehearing. We granted the appellant a rehearing on his petition to transfer.

The only issue to be determined is whether the giving of an instruction on "sudden emergency" by the trial court constitutes reversible error.

Appellee's Instruction No. 6 reads as follows:

"You are instructed that where a person is confronted with a sudden emergency, without sufficient time to determine with certainty the best course to pursue, she is not held to the same accuracy of judgment as would be required of her if she had time for deliberation. Accordingly, if she exercises such care as an ordinarily prudent person would exercise when confronted by a like emergency, she is not liable for an injury which resulted from her conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the injury.

"So, in this case if you find that the defendant, Diane Mason, was faced or confronted with a sudden emergency,

not of her own doing and that thereafter the said Diane Mason pursued a course of conduct that an ordinarily reasonable prudent person would pursue or follow when confronted by the same emergency, and the collision resulted therefrom, then the defendant, Diane Mason, would not be liable to plaintiff, even though you believe that another course of action or conduct than what the defendant pursued when confronted with the said sudden emergency would have been more judicious, safer or might even have avoided the accident."

Appellant objected to the instruction:

"for the reason that there is no evidence whatsoever in the record that (appellant) at any time was aware that an emergency had arisen until after the impact occurred . . ."

It is well settled that it is error for the trial court to give an instruction which is not pertinent to the issues and applicable to the evidence. *Wylie* v. *Meyers* (1958), 238 Ind. 385, 150 N. E. 2d 887. *Hayes Freight Lines* v. *Wilson* (1947), 226 Ind. 1, 77 N. E. 2d 580. This general rule has been applied to the giving of an instruction on "sudden emergency." *Dimmick* v. *Follis* (1949), 123 Ind. App. 701, 111 N. E. 2d 486; *Wojtach* v. *LaRoussa* (1958), 20 Ill. App. 2d 144, 155 N. E. 2d 329; *Layne* v. *Portland Traction Co.* (1957), 212 Ore. 658, 319 P. 2d 884; *Overstreet* v. *Bush* (1953), 208 Okla. 365, 256 P. 2d 416. The Appellate Court held that there was sufficient evidence to support the instruction; with this conclusion we cannot agree. In the case at bar, the appellee, by her own testimony, demonstrated that she was not aware of any emergency or peril until after the impact with the appellant. The only indication that appellee was even aware of the appellant's presence prior to the impact was when she was one block away and that would not constitute a sudden emergency. The instruction was inapplicable to the facts, and it was error for the trial court to give the instruction over appellant's objection.

Finding that the giving of the instruction is error does not dispose of this issue. While it is error to give instructions on

an issue not supported by evidence, the giving of such instructions does not require a reversal where no prejudice resulted to the appellant. *Evansville City Coach Lines, Inc.* v. *Atherton* (1962), 133 Ind. App. 304, 179 N. E. 2d 293; *Peckham* v. *Smith* (1960), 130 Ind. App. 452, 165 N. E. 2d 609; *Goldblatt Bros. Inc.* v. *Parish* (1941), 110 Ind. App. 368, 33 N. E. 2d 835, rehearing denied, 38 N. E. 2d 255.

> "The giving of instructions on an issue not supported by evidence is always erroneous. But not always is the error reversible." *Hoesel* v. *Cain; Kahler* v. *Cain* (1944), 222 Ind. 330, 340, 53 N. E. 2d 165, 169, rehearing denied, 53 N. E. 2d 769.

> "Where it can be said that an instruction which is not applicable to any evidence in the case resulted in no prejudice to the appellant, a reversal will not follow, but where it appears that the verdict of the jury may have been predicated upon such an instruction, it would be manifestly error to allow the verdict to stand." *DeHaven* v. *Helvie* (1890), 126 Ind. 82, 84, 25 N. E. 874, 875.

Having determined that it was error to instruct the jury on the "sudden emergency" doctrine, it is necessary to ascertain whether the verdict could have been predicated upon this instruction.

The jury was instructed that, if they found that the appellee was confronted with a sudden emergency not of her own doing, she could only be held liable to pursue a course of conduct that an ordinarily reasonable prudent person would pursue when confronted by the same emergency. In other words, the jury was told that, in determining whether the appellee was negligent, they were to place the reasonable prudent person in the same situation in which they believed the appellee to have been. Except for the "sudden emergency" language, the instruction could stand as a proper test for determining negligence. It has already been established that there was no evidence from which the jury could have found a "sudden emergency" to have existed prior to the impact. Thus, the jury would have to have either found this instruc-

tion to be inapplicable or placed the "reasonable prudent person" in the situation in which they believed the appellee to have been. In the first case, the instruction would have been harmless; in the second case, the jury would have applied the proper test in ascertaining the appellee's negligence. In either case, the instruction could not have prejudiced the appellant so as to require a reversal of the trial court's judgment.

In *Pareles* v. *McCarthy* (1962), 149 Conn. 238, 178 A. 2d 155, the Supreme Court of Errors of Connecticut, in a case very similar to the case at bar, held that a "sudden emergency" instruction did not constitute reversible error.

> "There is nothing here which would justify the jury in concluding that the operator was confronted with an emergency. According to her claim, she did not see the plaintiff before the accident; he came out of the driveway in front of the parked vehicle and struck the defendants' car on the right side. No claim is made that the operator saw him before the collision. Under these circumstances, the doctrine of emergency had no application to the case. *Stitham* v. *LeWare,* 134 Conn. 681, 684, 60 A. 2d 658. The court, therefore, might well have avoided reference to the doctrine. On the other hand, the jury were specifically instructed to apply the doctrine only if they first ascertained from the evidence that the operator was confronted with an emergency. The error, if any, could not possibly prejudice the jury in their consideration of the case." 178 A. 2d at 158.

In that case, a two and one-half year old plaintiff had been struck by the defendant's automobile, and, as in the case at bar, the defendant testified that she was not aware that the child was in the street until she heard a "thump" on the automobile.

In *Bernardy* v. *O.K. Furniture and Rug Company* (Okla. 1963), 385 P. 2d 909, the Supreme Court of Oklahoma also held that the giving of an unwarranted instruction on "sudden emergency" was not reversible error.

> "Plaintiff contends the trial court erred in instructing the jury on sudden emergency.

(3)   We agree with this contention because the evidence does not support an instruction on sudden emergency. However, the giving of such instruction does not necessarily constitute reversible error. Title 12 O. S. 1961 § 78 provides:

'The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.'

The verdict of the jury was general in form and we can not determine whether the jury denied recovery because the defendant failed to prove damages or denied recovery because the defendant was not liable under the facts.

(4)   In considering the entire record we can only conclude and hold that the substantial rights of the plaintiff were not prejudiced by the sudden emergency instruction. To hold otherwise would be tantamount to ruling that the giving of an instruction on sudden emergency, unsupported by the evidence, is as a matter of law, reversible error, which would be contrary to Title 12 O. S. 1961, § 78.

Judgment affirmed." 385 P. 2d at 911.

As has been previously illustrated, the law in Indiana, as to what constitutes reversible error, is similar to that enunciated in the Oklahoma statute. Ind. Ann. Stat. § 2-1071 (1967 Repl.)

It is significant to note that, in a majority of cases in which a reversal was allowed because of the unwarranted giving of a "sudden emergency" instruction, there were other errors on which the court also relied to support its decision. E.g., *Dimick* v. *Follis, supra; Wojtach* v. *LaRoussa, supra; Layne* v. *Portland Traction Co., supra; Overstreet* v. *Bush, supra; Frost* v. *Stevens* (1936), 88 N. H. 164, 184 A. 869; *Doering* v. *Cleveland* (Ohio App. 1952), 65 Ohio L. Abs. 257, 114 N. E. 2d 273.

This is not to say that, in a proper factual situation, an unwarranted "sudden emergency" instruction could not in and of itself constitute a reversible error. In *Dwyer* v. *Christensen* (1956), 76 S. D. 201, 75 N. W. 2d 650, the party requesting

the instruction had probably been confronted by a sudden emergency, but the evidence indicated that it was his negligence which had created the emergency. The South Dakota Court held that a sudden emergency instruction would not be warranted since the emergency was created by the party's own conduct. Furthermore, the instruction could prejudice and mislead the jury since they could find that the party was actually confronted with a sudden emergency. Accord, *Pullin* v. *Nabors* (Miss. 1961), 128 So. 2d 117.

We cannot see how the "sudden emergency" instruction in the case at bar prejudiced the appellant. Where there can be no doubt as to how a jury could reasonably react to an instruction, and where that reaction could not prejudice the appellant, it cannot be contended that the instruction constitutes reversible error.

In summary, we disagree with the Appellate Court that the giving of the instruction was warranted. Consequently, we must hold that it was error to give the instruction, but we do not find that the error prejudiced the appellant so as to call for a reversal of the trial court's judgment. Therefore, the Appellate Court, though it based its decision on an incorrect conclusion as to the propriety of a "sudden emergency" instruction in the case at bar, reached a proper result, and the transfer should be denied.

Transfer denied.

Lewis, C.J., Arterburn and Jackson, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 242 N. E. 2d 513.